NITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CITY OF WEST SACRAMENTO,
CALIFORNIA; and PEOPLE OF THE
STATE OF CALIFORNIA,

          Plaintiffs,

    v.

R AND L BUSINESS MANAGEMENT, a
California corporation, f/k/a
STOCKTON PLATING, INC., d/b/a
CAPITOL PLATING, INC., a/k/a
CAPITOL PLATING, a/k/a CAPITAL
PLATING; CAPITOL PLATING INC., a
dissolved California
corporation; ESTATE OF GUS
MADSACK, DECEASED; ESTATE OF
CHARLES A. SCHOTZ a/k/a SHOTTS,
DECEASED; ESTATE of E. BIRNEY
LELAND, DECEASED; ESTATE OF
FRANK E. ROSEN, DECEASED; ESTATE
OF UNDINE F. ROSEN, DECEASED;
ESTATE of NICK E. SMITH,
DECEASED; RICHARD LELAND, an
individual; ESTATE OF LINDA
SCHNEIDER, DECEASED; JUDY GUESS,
an individual; JEFFREY A. LYON,
an individual; GRACE E. LYON, an
individual; THE URBAN FARMBOX
LLC, a suspended California
limited liability company; and
DOES 1-50, inclusive,

          Defendants.

No. 2:18-cv-900 WBS EFB

MEMORANDUM AND ORDER RE:
MOTION TO DISMISS

The City of West Sacramento, California ("the City") and the People of the State of California (collectively "plaintiffs") initiated this action to address toxic levels of contamination in the environment within the City.  Presently before the court is defendant Richard Leland's Motion to Dismiss the First Amended Complaint.  (Docket No. 25.)

I.    Factual and Procedural Background

Plaintiffs' original Complaint alleged the following causes of action against Leland: (1) violation of the Resource Conservation and Recovery Act ("RCRA") § 7002(a), 42 U.S.C. § 6972(a)(1)(B); (2) violation of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") § 107(a), 42 U.S.C. § 9607(a); (3) violation of The Gatto Act, California Health & Safety Code §§ 25403-25403.8; (4) violation of The Porter-Cologne Water Quality Control Act, Cal. Water Code § 1304(c); (5) public nuisance; (6) trespass; (7) negligence; (8) ultrahazardous activity; (9) statutory indemnity; and (10) declaratory relief.  Plaintiffs also requested declaratory relief and costs allegedly incurred in response to soil and ground water contamination at and around the property.

On May 18, 2018, Leland and his wife, who is no longer a party to this case, filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 10.)  On June 27, 2018, the court granted the Motion in full and provided plaintiffs with twenty days to file an amendment complaint. (Docket No. 18.)  Plaintiffs then filed the First Amended Complaint, which contains all of the same causes of action, save for negligence.  (First Amended Compl.

2

("FAC") (Docket No. 19).)

II.  Discussion

A.  CERCLA and RCRA Claims

Plaintiffs assert two theories to hold Leland individually liable in this action.  The first is that Leland is an owner or operator under CERCLA and RCRA such that he is liable for his individual conduct in causing the alleged contamination.  The second theory is that the court should pierce the corporate veil and hold Leland individually liable for the purportedly wrongful acts of Stockton Plating, Inc., Capitol Plating, and R and L Business Managements, all of which are California corporations that are also named defendants in this action.

1.  Owner or Operator Liability

Leland moves to dismiss plaintiffs' CERCLA and RCRA claims, arguing that plaintiffs have not shown that Leland was an "operator" of the facility.  As the court previously recognized in its June 27, 2018 Order, CERCLA and RCRA liability may be imposed where an officer "actually participated in the operations of the facility" or "actually exercised control over, or was otherwise intimately involved in the operations of, the corporation immediately responsible for the operation of the facility."  Levin Metals, Corp. v. Parr-Richmond Terminal Co., 781 F. Supp. 1454, 1456 (N.D. Cal. 1991).

In the original Complaint, plaintiffs alleged that Leland was liable because he "used, handled, stored, treated, transported, and/or disposed of, or arranged for others to do so, or exercised substantial influence and control over the use, handling, storage, transport, and/or disposal of the Contaminants

3

at the property." (Compl. (Docket No. 1) ¶ 73.) In the First

Amended Complaint, plaintiffs have added that Leland also

"ordered, directed and arranged for the removal and disposal of

plating equipment and chemicals." (FAC ¶ 43.)

These new allegations remain too general to withstand a

Motion to Dismiss. Plaintiffs have again failed to allege

specific facts demonstrating that Leland "direct[ed] the workings

of, manage[d], or conduct[ed] the affairs of a facility," which

is necessary to establish that Leland was an "operator" of the

facility under CERCLA. <u>See</u> <u>United States v. Bestfoods</u>, 524 U.S.

51, 66 (1998) (holding that for purposes of CERCLA, "an operator

must manage, direct, or conduct operations specifically related

to pollution, that is, operations having to do with the leakage

or disposal of hazardous waste, or decisions about compliance

with environmental regulations). Plaintiffs have alleged no

<u>facts</u> indicating this was the case.

Plaintiffs do allege for the first time that Leland

personally signed a lease for the property where the

contamination occurred. However, this new allegation does not

demonstrate that Leland actually participated in the disposal of

hazardous wastes or that he "had the authority to control the

cause of contamination at the time the hazardous substances were

released into the environment." <u>Kaiser Aluminum & Chemical Corp.</u>

<u>v. Catellus Development Corp.</u>, 976 F.2d 1338, 1341 (9th Cir.

1992). Thus, while plaintiffs' new allegations may make their

Amended Complaint slightly stronger, the CERCLA and RCRA claims

must again be dismissed to the extent they rely upon a theory of

"owner or operator" liability because the facts remain

insufficient to impose this type of liability on Leland.

## 2. Piercing the Corporate Veil

Leland asserts, as he did in the prior Motion to Dismiss, that plaintiffs' First Amended Complaint contains only a conclusory recitation of the elements required in order to pierce the corporate veil, and thus plaintiffs' claims that rely on this theory should be dismissed.

In support of their veil piercing argument, plaintiffs allege that each defendant, including Leland, "was the alter ego of the corporate entity that operated during their relevant time period at the Property because, inter alia, of their controlling interests in the corporation, their complete dominance and control over the corporation, such that no separateness or individuality between them and the corporation existed." (FAC ¶ 49.) These allegations are identical to those in the original Complaint, which the court determined was "no more than a recitation of the elements, and '[c]onclusory allegations of 'alter ego' status are insufficient to state a claim.'" (Docket No. 18 (citing Gerritsen v. Warner Bros. Entertainment Inc., 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015).) Again, plaintiffs fail to allege any specific facts supporting their allegation that there was no separateness between Leland and R and L Business Management. Indeed, the only fact that has been added is that R and L Business Management is a closely held corporation. However, the court is unaware of any authority suggesting that Leland would be subject to veil piercing solely because he is a shareholder of a closely held corporation. Accordingly, the court will again grant Leland's Motion to Dismiss plaintiffs'

claims that are premised on the application of the corporate veil piercing doctrine.

### B. State Law Claims

Plaintiffs' third through eighth causes of action are all state law claims that, as the court stated in its June 27 Order, require plaintiffs to allege facts indicating that Leland owned or operated the facility, or that he created the alleged contamination. As explained above, plaintiffs have failed to allege such facts, and as such all state law claims must be dismissed.

### C. Declaratory Relief

Plaintiffs also request declaratory relief, contending that because they have adequately alleged a CERCLA claim they are entitled to declaratory relief under 42 U.S.C. § 9613(g)(2). However, as discussed above, plaintiffs have not adequately alleged a CERCLA claim, and thus declaratory relief is unavailable. See Coppola v. Smith, 935 F. Supp. 2d 993, 1005 (E.D. Cal. 2013) (Ishii, J.).

IT IS THEREFORE ORDERED that Leland's Motion to Dismiss Plaintiffs' First Amended Complaint (Docket No. 25) be, and the same hereby is, GRANTED.

Plaintiffs have twenty days from the date this Order is signed to file a Second Amended Complaint, if they can do so consistent with this Order.

Dated: September 4, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6