|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | UNITED STATES DISTRICT COURT | |
| 5 | EASTERN DISTRICT OF CALIFORNIA | |
| 6 | ----oo0oo---- | |
| 7 | | |
| 8 | CITY OF WEST SACRAMENTO, CALIFORNIA; and PEOPLE OF THE STATE OF CALIFORNIA, | No. 2:18-cv-900 WBS EFB |
| 10 | Plaintiffs, | MEMORANDUM & ORDER RE: MOTION TO STRIKE OR DISMISS R AND L BUSINESS MANAGEMENT'S CROSS-COMPLAINT |
| 11 | v. | |
| 12 | R AND L BUSINESS MANAGEMENT, a California corporation, f/k/a STOCKTON PLATING, INC., d/b/a CAPITOL PLATING, INC., a/k/a CAPITOL PLATING, a/k/a CAPITAL PLATING; CAPITOL PLATING INC., a dissolved California corporation; ESTATE OF GUS MADSACK, DECEASED; ESTATE OF CHARLES A. SCHOTZ a/k/a SHOTTS, DECEASED; ESTATE of E. BIRNEY LELAND, DECEASED; ESTATE OF FRANK E. ROSEN, DECEASED; ESTATE OF UNDINE F. ROSEN, DECEASED; ESTATE of NICK E. SMITH, DECEASED; JOHN CLARK, an individual; ESTATE OF LINDA SCHNEIDER, DECEASED; JUDY GUESS, an individual; JEFFREY A. LYON, an individual; GRACE E. LYON, an individual; THE URBAN FARMBOX LLC, a suspended California limited liability company; and DOES 1-50, inclusive, | |
| 24 | Defendants. | |

The City of West Sacramento, California ("the City") and the People of the State of California initiated this action

1

to address toxic levels of soil and groundwater contamination in the environment within the City. Before the court is plaintiffs' Motion to Strike or, in the Alternative, Dismiss Defendant R and L Business Management's ("R&L") Cross-Complaint. (Docket No. 55.)

This court described much of the factual and procedural background to this lawsuit in its prior orders. (See Docket Nos. 18, 33 & 44.) In its most recent order, the court granted defendant Richard Leland's motion to dismiss plaintiffs' Second Amended Complaint against him in full and provided plaintiffs with twenty days to file another amended complaint. (Docket No. 33.) Plaintiffs filed their Third Amended Complaint ("TAC") on December 5, 2018 and removed Richard Leland as a defendant to this lawsuit. (See Docket No. 45.)

On December 19, 2018, R&L filed its answer and a cross-complaint against the City. (Docket Nos. 49 & 50.) The cross-complaint includes the following counterclaims: (1) contribution under 42 U.S.C. § 9613(f)(1); (2) equitable indemnity; (3) equitable contribution; and (4) declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. R&L raises these counterclaims for the first time in response to plaintiffs' TAC. Plaintiffs move to strike, or in the alternative, dismiss R&L's cross-complaint.

On a Rule 12(b)(6) motion, the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint that offers mere "labels and conclusions" will not survive a motion to dismiss. Id. (internal quotation marks and citations omitted).

Every one of R&L's counterclaims depends on a determination that the City is at least partially responsible for the environmental contamination that is the subject of this action. Contribution under Section 9613(f)(1) of the Comprehensive Environmental Response, Compensation, and Liability Act allows a tortfeasor the "right to collect from others responsible for the same tort." See United States v. Atl. Research Corp., 551 U.S. 128, 138 (2007) (emphasis added). Similarly, equitable indemnity and equitable contribution claims brought under California law permit a tortfeasor to obtain a proportionate judgment from other concurrent tortfeasors. See Estate of Renzel v. Ventura, No. 5:15-CV-01648-RMW, 2015 WL 8527522, at *6 (N.D. Cal. Dec. 11, 2015). And R&L's counterclaim for declaratory relief asks for a judicial declaration that "the City is at least partially responsible for the contamination" and "is obligated to pay for a share of the costs of the investigation and the cleanup proportionate to its responsibility." (See Cross-Compl. ¶ 17.)

In its opposition to plaintiffs' motion, R&L argues that the facts supporting such a determination are very basic.

First, the City operated a fire station adjacent to the property that is the subject of plaintiffs' complaint ("subject property"). (Id. ¶¶ 13-14.) Second, R&L alleges that toxic chemicals were stored and used during the operation of that fire station. (Id. ¶ 16.) And third, R&L further alleges that while those toxic chemicals were stored and used at the fire station, they were discharged and contributed to the contamination at the subject property. (Id. ¶ 17.)

These allegations by themselves are insufficient to support R&L's counterclaims. R&L's last two allegations are entirely based on information and belief. As this court previously emphasized, "[w]hile facts may be alleged on information and belief, conclusory allegations asserted on such a basis are insufficient to state a claim." (Docket No. 44 at 6 (citing Blantz v. Cal. Dep't of Corr. & Rehab., 727 F.3d 917, 927 (9th Cir. 2013).) A complaint will not survive a motion to dismiss if it "tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678. Here, R&L's cross-complaint does not detail any of the factual predicates necessary to support these conclusions. For example, R&L does not explain what chemicals were stored at the City-operated fire station, how they know that those chemicals were discharged into the soil and groundwater, whether those chemicals are the same as those that contributed to the contamination of soil and groundwater alleged in plaintiffs' TAC, and how those chemicals contributed to the contamination at the subject property. See also Coppola v. Smith, 935 F. Supp. 2d 993, 1009 (E.D. Cal. 2013) (Ishii, J.) ("The use of the plural "substances," without any identification

4

of what other hazardous substance(s) may be at issue, is insufficient."). Because many of R&L's allegations are conclusory statements that simply recite its underlying legal theory, the court cannot accept as true R&L's assertions that toxic chemicals were stored and used at the fire station and that those same chemicals contributed to the contamination that is the subject of the lawsuit. See Iqbal, 556 U.S. at 662 ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007))).

Accordingly, because R&L's allegations lack sufficient factual detail to support its theory that the City is partially responsible for the contamination at issue in this lawsuit, the court will grant plaintiffs' motion to dismiss R&L's cross-complaint. Because the court dismisses R&L's cross-complaint for the failure to state a claim, it does not decide plaintiffs' motion to strike or address the other grounds put forth in the motion to dismiss.

IT IS THEREFORE ORDERED that plaintiffs' Motion to Dismiss R&L's Cross-Complaint against the City (Docket No. 55) be, and the same hereby is, GRANTED.

Defendant R&L has twenty days from the date this Order is signed to file an Amended Answer and Counterclaims, if it can do so consistent with this Order.

Dated: March 12, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE