5  UNITED STATES DISTRICT COURT

6  EASTERN DISTRICT OF CALIFORNIA

7  ----oo0oo----

8

| | |
|---|---|
| CITY OF WEST SACRAMENTO, CALIFORNIA; and PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>R AND L BUSINESS MANAGEMENT, a California corporation, f/k/a STOCKTON PLATING, INC., d/b/a CAPITOL PLATING, INC., a/k/a CAPITOL PLATING, a/k/a CAPITAL PLATING; CAPITOL PLATING INC., a dissolved California corporation; ESTATE OF GUS MADSACK, DECEASED; ESTATE OF CHARLES A. SCHOTZ a/k/a SHOTTS, DECEASED; ESTATE of E. BIRNEY LELAND, DECEASED; ESTATE OF FRANK E. ROSEN, DECEASED; ESTATE OF UNDINE F. ROSEN, DECEASED; ESTATE of NICK E. SMITH, DECEASED; JOHN CLARK, an individual; ESTATE OF LINDA SCHNEIDER, DECEASED; JUDY GUESS, an individual; JEFFREY A. LYON, an individual; GRACE E. LYON, an individual; THE URBAN FARMBOX LLC, a suspended California limited liability company; and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | No. 2:18-cv-900 WBS EFB<br><br><br>MEMORANDUM & ORDER RE: MOTION TO DISMISS R AND L BUSINESS MANAGEMENT'S FIRST AMENDED COUNTERCLAIM |

　　　　The City of West Sacramento, California ("the City")

and the People of the State of California initiated this action to address toxic levels of soil and groundwater contamination in the environment within the City. Before the court is the City's Motion to Dismiss Defendant R and L Business Management's ("R&L") First Amended Counterclaim. (Docket No. 66.)

I. Background

This court described much of the factual and procedural background to this lawsuit in its prior orders. (See Docket Nos. 18, 33, 44 & 63.) In its most recent order, the court granted plaintiffs' motion to dismiss R&L's Cross-Complaint and allowed R&L twenty days to file an amended answer with any counterclaims. (Docket No. 63.) R&L filed its Amended Answer and Counterclaims on April 1, 2019. (Docket No. 64.) R&L brings the following causes of action against the City: (1) contribution under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9613(f)(1); (2) equitable indemnity; (3) equitable contribution; and (4) declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. (Id.) The City now moves to dismiss all of R&L's amended counterclaims.

II. Legal Standard

On a Rule 12(b)(6) motion, the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint that offers mere "labels and conclusions" will not survive a motion to dismiss. Id. (internal quotation marks and citations omitted).

III. Discussion

    A. Waiver

The City first argues that R&L has waived its counterclaims because they were asserted for the first time in response to plaintiffs' Third Amended Complaint ("TAC") (Docket No. 45). The City contends that R&L's counterclaims are compulsory counterclaims, since they arise out of the same set of facts as the original complaint and implicate the same set of parties. See Fed. R. Civ. P. 13(a). Because the TAC contains the same causes of action as its predecessors, the City argues that R&L waived these compulsory counterclaims by not raising them in its responses to plaintiffs' earlier complaints.

The Federal Rules of Civil Procedure and Ninth Circuit precedent do not directly address the issue of whether a defendant may, as a matter of right, assert new counterclaims in response to an amended complaint, or whether the defendant must first seek leave of court. District courts throughout the country have generally taken three different approaches. First, under the permissive approach, a defendant served with an amended complaint may amend its answer as of right without being limited by the scope of the changes made in the amended complaint. See Coppola v. Smith, No. 1:11-CV-1257 AWI BAM, 2015 WL 2127965, at *2 (E.D. Cal. May 6, 2015). Second, under the moderate approach,

newly alleged counterclaims are allowed as of right only to the extent they directly relate to changes in the amended complaint. See Sierra Dev. Co., v. Chartwell Advisory Grp., Ltd., No. 13CV602 BEN (VPC), 2016 WL 6828200, at *2 (D. Nev. Nov. 18, 2016). And third, under the narrow approach, an amended answer must be confined to the amendments to the complaint. See Virginia Innovation Scis., Inc. v. Samsung Elecs. Co., 11 F. Supp. 3d 622, 630 (E.D. Va. 2014) (citation omitted). While most district courts within the Ninth Circuit apply the moderate approach, courts remain sensitive to equitable considerations and concerns about appropriate docket management. See UDAP Indus., Inc. v. Bushwacker Backpack & Supply Co., No. CV 16-27-BU-JCL, 2017 WL 1653260, at *3 (D. Mont. May 2, 2017) (citation omitted).

Under the circumstances of this case, the court finds that R&L did not waive its ability to bring these newly alleged counterclaims. R&L recently discovered the alleged existence of contamination at the nearby firehouse--the basis for its counterclaims--during an investigation conducted after plaintiffs filed the original complaint, and it only recently received additional factual detail from a response to its Public Records Act request. (See Decl. of Ryan Matthews ¶¶ 2-7 (Docket No. 56-1).) R&L has satisfied the court that it may not have had a sufficient factual basis to allege these counterclaims prior to the filing of the TAC. Moreover, the court indicated in a prior order that it would not give plaintiffs any more opportunities to amend its complaint. (See Docket No. 44.) Consequently, there is little risk that applying the permissive approach to this case "would allow the pleadings to be re-opened repeatedly and without

limitations." See UDAP Indus., 2017 WL 1653260, at *3 (internal quotation marks and citation omitted).

Accordingly, the court finds that R&L was not required to obtain leave from the court before filing these counterclaims.[1]

B. CERCLA Counterclaim

R&L brings a counterclaim for contribution against the City under CERCLA. See 42 U.S.C. § 9613(f)(1). Section 9613(f)(1) allows a party to "seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action . . . under section 9607(a) of this title." Id. Section 9607(a) "imposes strict liability on owners and operators of facilities at which hazardous substances were disposed." 3550 Stevens Creek Assocs. v. Barclays Bank of Cal., 915 F.2d 1355, 1357 (9th Cir. 1990). R&L alleges that a nearby Fire Station owned by the City contributed to the contamination at issue in this case when the Fire Station's underground storage tank leaked leaded gasoline into the soil. (See First Am. Counterclaim ¶¶ 11-18.)

CERCLA's definition of "hazardous substance" does not include "petroleum, including crude oil or any fraction thereof." See 42 U.S.C. § 9601(14). In Wilshire Westwood Associates v. Atlantic Richfield Corporation, 881 F.2d 801 (9th Cir. 1989), the Ninth Circuit had to decide whether the petroleum exclusion covered leaded gasoline that leaked from underground storage

---

[1] For the reasons set forth in a separate order, the court also finds that R&L's counterclaims are not barred by the good faith settlement provision of California Code of Civil Procedure § 877.6.

5

tanks. Id. at 801-02. After analyzing the plain language of the statute and the relevant legislative history, the panel concluded that the petroleum exclusion "does apply to unrefined and refined gasoline even though certain of its indigenous components and certain additives during the refining process have themselves been designated as hazardous substances within the meaning of CERCLA." Id. at 809. While R&L generally alleges that the Fire Station discharged "lead and other toxic chemicals" (First Amended Counterclaim ¶ 19), the alleged source of the discharge was an underground storage tank that leaked gasoline (see id. ¶¶ 11-12). Because leaded gasoline is excluded from CERCLA's definition of a hazardous substance, the City, on these facts, cannot be liable under Section 9607(a). Liability under this section must be based on the discharge of a hazardous substance as defined by CERCLA. See Carson Harbor Vill., Ltd. v. Unocal Corp., 270 F.3d 863, 870 (9th Cir. 2001) (en banc) (citing 42 U.S.C. § 9607(a)).

Accordingly, R&L cannot seek contribution from the City under Section 9613(f)(1) of CERCLA and the court will dismiss R&L's first counterclaim.

C. Equitable Indemnity and Contribution Counterclaims

R&L also brings counterclaims for equitable indemnity and equitable contribution.[2] Equitable indemnity "is premised on a joint legal obligation to another for damages." W. Steamship

---

[2] These counterclaims must arise under state law as there is no general federal common law, see National Audubon Society v. Department of Water, 869 F.2d 1196, 1201 (9th Cir. 1988), and R&L has not identified a federal statute that provides the relevant causes of action.

6

Lines, Inc. v. San Pedro Peninsula Hosp., 8 Cal. 4th 100, 114 (1994). The doctrine is "subject to allocation of fault principles and comparative equitable apportionment of loss." Prince v. Pac. Gas & Elec. Co., 45 Cal. 4th 1151, 1158 (2009). It is also subject to immunities and other limitations on liability available against the injured party. Id. at 1159-59. Contribution is similar because it permits one joint tortfeasor to recover from another. See Sullins v. Exxon/Mobil Corp., No. C 08-04927 CW, 2009 WL 2779172, at *7 (N.D. Cal. Sept. 2, 2009). However, contribution "is a creature of statute and distributes the loss equally among all tortfeasors." Coca-Cola Bottling Co. v. Lucky Stores, Inc., 11 Cal. App. 4th 1372, 1378 (2d Dist. 1992) (citing Cal. Civ. Proc. Code § 875). A defendant cannot recover under both theories of indemnification and contribution. See id. at 1379 (citing Cal. Civ. Proc. Code § 875(f)).

1. Equitable Indemnity

The City argues that R&L's equitable indemnity counterclaim is barred by the immunity provided for public entities in the California Government Claims Act ("CGCA"). Under Section 815 of the CGCA, "[e]xcept as otherwise provided by statute, [a] public entity is not liable for an injury." Cal. Gov't Code § 815. This section abolishes all common law or judicially declared forms of liability for public entities.[3] In re Groundwater Cases, 154 Cal. App. 4th 659, 688 (1st Dist.

---

[3] The City also argues that this grant of immunity bars R&L's equitable contribution counterclaim. This argument fails because a contribution claim is based in statute, not common law. See Coca-Cola, 11 Cal. App. 4th at 1378 n.6 ("Contribution was not recognized at common law but was adopted in California by statutory enactment in 1957.").

7

2007).

Here, R&L has not pled nor identified a statutory basis for its equitable indemnity counterclaim. Indemnity derives from common law and therefore is subject to Section 815's grant of immunity. See W. Steamship Lines, 8 Cal. 4th at 107, 876 P.2d 1062, 1065 (1994) ("California's doctrine of equitable or implied indemnification is a development of the common law."). Moreover, this claim would not be exempt from the statutory immunity under California Government Code § 814 simply because the remedy may be based in equity. "[Section] 815 immunizes public entities against causes of action that are based in common law regardless of what remedies a plaintiff seeks under such causes of action." See Madani v. Cty. of Santa Clara, No. 16-CV-07026-LHK, 2017 WL 2954643, at *13 (N.D. Cal. July 11, 2017) (citing Miklosy v. Regents of Univ. of Cal., 44 Cal. 4th 876, 899 (2008)).

At oral argument, counsel for R&L relied on People ex rel. Dep't of Parks & Recreation v. West-A-Rama, Inc., 35 Cal. App. 3d 786 (4th Dist. 1973) for the proposition that the City, by filing this suit, waived its sovereign immunity as to related counterclaims. This argument is misplaced. West-A-Rama merely stands for the proposition that a defendant does not always have to comply with the notice provisions of the CGCA when alleging counterclaims in a suit brought by a public entity. See id. at 794. However, California law clearly indicates that parties cannot seek relief against a public entity, even by counterclaim or cross-complaint, absent statutory authority. See State v. Royal Consol. Mining Co., 187 Cal. 343, 347 (1921). This rule applies with equal force to claims that simply serve to reduce or

eliminate the amount of money that would otherwise be awarded to the plaintiff. See id.; see also Harsh Cal. Corp. v. San Bernardino Cty., 262 F.2d 626, 628 (9th Cir. 1958); Sunset Oil Co. v. State of Cal., 87 F.2d 972, 974 (9th Cir. 1937) (citing People v. Miles, 56 Cal. 401, 401-02 (1880)).

Accordingly, because R&L's equitable indemnity counterclaim lacks a statutory basis, the court must dismiss this counterclaim.

### 2. Equitable Contribution

To establish an entitlement to contribution against the City, R&L must show that (1) a judgment has been rendered jointly against it and the City and (2) that R&L has discharged more than its pro rata share of that judgment. See Coca-Cola, 11 Cal. App. 4th at 1380 (citing Cal. Civ. Proc. Code § 875(a) & (c)). Then and only then would R&L be able to allege a counterclaim for contribution. See id. Here, R&L has not alleged any facts that go to either of these elements. There is no indication that a money judgment was ever entered against both R&L and the City, nor that R&L paid more than its share of any such judgment.

Accordingly, the court will dismiss R&L's equitable contribution counterclaim.

### D. Declaratory Relief Counterclaim

R&L's only remaining claim purports to state a cause of action for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. This counterclaim asks for a judicial declaration that the City is liable for its proportionate share of harm incurred for the contamination at the site. (See First Am. Counterclaim ¶¶ 35-39.)

Declaratory relief is not an independent claim. See Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010) (Shubb, J.). "[T]he operation of the Declaratory Judgment Act is procedural only." Aetna Life Ins. Co. of Hartford v. Haworth, 300 U.S. 227, 240 (1937). The Act only creates a remedy and it does not otherwise create a federal cause of action. See Stock W., Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). Consequently, R&L is not entitled to relief under the Declaratory Judgment Act "absent a viable underlying claim." See Shaterian v. Wells Fargo Bank, N.A., 829 F. Supp. 2d 873, 888 (N.D. Cal. 2011); see also Tex. Health & Human Servs. Comm'n v. United States, 166 F. Supp. 3d 706, 712 (N.D. Tex. 2016) ("To obtain relief under the Declaratory Judgment Act, the [party] must first identify a cause of action under some other law.").

Accordingly, because R&L's other counterclaims have all been dismissed, the court will dismiss R&L's claim for declaratory relief.

Because R&L has had two opportunities to allege their counterclaims as to the City and the court has clearly stated the deficiencies with its counterclaims, R&L will not be given leave to amend its counterclaim again.

IT IS THEREFORE ORDERED that the City's Motion to Dismiss R&L's First Amended Counterclaim (Docket No. 66) be, and the same hereby is, GRANTED. R&L's First Amended Counterclaim is hereby DISMISSED with prejudice.

Dated: May 23, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE