UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CITY OF WEST SACRAMENTO, CALIFORNIA; and PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Plaintiffs, <br><br> v. <br><br> R AND L BUSINESS MANAGEMENT, a California corporation, f/k/a STOCKTON PLATING, INC., d/b/a CAPITOL PLATING, INC., a/k/a CAPITOL PLATING, a/k/a CAPITAL PLATING; CAPITOL PLATING INC., a dissolved California corporation; ESTATE OF GUS MADSACK, DECEASED; ESTATE OF CHARLES A. SCHOTZ a/k/a SHOTTS, DECEASED; ESTATE of E. BIRNEY LELAND, DECEASED; ESTATE OF FRANK E. ROSEN, DECEASED; ESTATE OF UNDINE F. ROSEN, DECEASED; ESTATE of NICK E. SMITH, DECEASED; JOHN CLARK, an individual; ESTATE OF LINDA SCHNEIDER, DECEASED; JUDY GUESS, an individual; JEFFREY A. LYON, an individual; GRACE E. LYON, an individual; THE URBAN FARMBOX LLC, a suspended California limited liability company; and DOES 1-50, inclusive, <br><br> Defendants. | No. 2:18-cv-900 WBS EFB <br><br><br> MEMORANDUM & ORDER RE: JOINT MOTION FOR A GOOD FAITH SETTLEMENT DETERMINATION |

1

Before the court is a joint motion for a good faith settlement determination filed on April 15, 2019 by plaintiffs and defendants Jeffrey Lyon and Grace Lyon. (Docket No. 65.) The court held a hearing on the motion on May 20, 2019. (Docket No. 76.)

I.  Background

This court described much of the factual and procedural background to this lawsuit in its prior orders. (See Docket Nos. 18, 33, 44 & 63.) On March 20, 2019, plaintiffs and defendants Jeffrey Lyon and Grace Lyon reached an agreement for the settlement of all claims and disputes between them in this matter. (Decl. of Bret Stone ("Stone Decl.") ¶ 3; see also Decl. of Bret Stone Ex. 1 ("Settlement Agreement") (written agreement setting forth the terms of the settlement) (Docket No. 65-1).) Plaintiffs have alleged the following claims against Jeffrey and Grace Lyon: (1) violation of the Resource Conservation and Recovery Act ("RCRA") § 7002(a), 42 U.S.C. § 6972(a)(1)(B); (2) violation of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") § 107(a), 42 U.S.C. § 9607(a); (3) violation of The Gatto Act, California Health & Safety Code §§ 25403-25403.8; (4) violation of The Porter-Cologne Water Quality Control Act, California Water Code § 13304(c); (5) public nuisance; (6) trespass; (7) statutory indemnity; and (8) declaratory relief. (See Third Am. Compl. ("TAC") (Docket No. 45).) The TAC alleges that these defendants, as former owners of the property, exacerbated contamination at the site by filling a pit with soil which now requires remediation. (Id. ¶ 56.) In their answer, the settling defendants, appearing pro se, have

2

brought a counterclaim against the City of West Sacramento ("the City") for harassment and discrimination.  (Docket No. 46.)

Pursuant to the settlement agreement, the City will pay $199,615.95 to the settling defendants via escrow.  This payment is $100,000 less than the outstanding balance on the note, as described in the Deed of Trust, held by Lyon to the property and two adjacent real property parcels.  (See Settlement Agreement § 3.1.)  In exchange, the settling defendants shall transfer the note and all its rights and interests to the City.  (Id.)  In essence, the City agrees to purchase the settling defendants' interest in the subject property less the agreed upon discount.

The settling parties now move for a good faith settlement determination and an order barring all claims against them for contribution and indemnity.  The settling parties also request that the court dismiss all claims between them with prejudice.  Defendants John Clark, R&L Business Management, the Estate of E. Birney Leland, the Estate of Linda Schneider, and the Estate of Nick E. Smith object to this good faith determination as to the settlement of the counterclaim for harassment and discrimination and the accompanying bar on further claims.  (See Docket Nos. 70 & 71.)

II.  Discussion

  A.  Applicable Law

The settling parties have settled claims brought under both state and federal law.  "When a district court . . . hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims."  Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC, 632 F.3d 1056,

3

1060 (9th Cir. 2011) (citation omitted). California state settlement law, here codified in California Code of Civil Procedure Section 877, constitutes substantive law. See id. Section 877.6 "is the procedural mechanism for implementing [Section] 877" and making the determination of a good faith settlement. See Coppola v. Smith, No. 1:11-CV-1257 AWI BAM, 2017 WL 4574091, at *2 (E.D. Cal. Oct. 13, 2017). Therefore, the court will apply California settlement law to the state law claims at issue between the settling parties. See Mason & Dixon, 632 F.3d at 1060.

As for plaintiffs' CERCLA claim, courts review settlements and generally enter contribution and indemnity bars if the settlement is "procedurally and substantively fair, reasonable, and consistent with CERCLA's objectives."[1] Arizona v. City of Tucson, 761 F.3d 1005, 1012 (9th Cir. 2014) (citation and internal quotation marks omitted). This court has an independent obligation to scrutinize the terms of the agreement. Id. The court must find that the agreement is roughly correlated with some acceptable measure of comparative fault that apportions liability among the settling parties according to a rational estimate of the harm potentially responsible parties have done. Id.

---

[1] The settling parties have also resolved plaintiffs' RCRA claim. However, at this time, the court does not find it necessary to decide whether there is an implied right to contribution under RCRA. If the settlement satisfies the requirements for a contribution and indemnity bar in light of CERCLA's express contribution provision, it should satisfy the requirements of any implied provision under RCRA. Cf. Meghrig v. KFC W., Inc., 516 U.S. 479, 484-85 (1996) (observing that the relief afforded in these two statutes is analogous).

4

Ultimately, the factors considered in determining whether a settlement is in good faith under California law are similar to the factors used to evaluate whether a CERCLA settlement is fair, reasonable, and adequate. See Coppola, 2017 WL 4574091, *3. As such, the court "will making findings regarding 'good faith'" under California law "as part [of] its determination of whether the settlement of the CERCLA claim[] is fair, adequate, and reasonable." Id.

California Code of Civil Procedure Sections 877 and 877.6 govern the determination of whether a proposed settlement is in "good faith" under state law. Courts review the following nonexclusive factors from Tech-Bilt, Inc. v. Woodward-Clyde & Associates, 38 Cal. 3d 488 (1985) to determine if a settlement is within a reasonable range and thus in good faith under Sections 877 & 877.6: (1) a rough approximation of the plaintiffs' total recovery and the settlor's proportionate liability; (2) the amount to be paid in settlement; (3) the allocation of settlement proceeds among the plaintiffs; (4) a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial; (5) the financial conditions and insurance policy limits of the settling defendants; and (6) the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants. See 38 Cal. 3d at 499.

A party opposing a motion for good faith settlement has the burden of demonstrating the lack of good faith. Id. at 499-50; see also Cal. Civ. Proc. Code § 877.6(d) ("The party asserting the lack of good faith shall have the burden of proof on that issue."). A determination that the settlement was made

in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for contribution or indemnity, based on comparative negligence or comparative fault. Cal. Civ. Proc. Code § 877.6(c).

### B. Application as to Plaintiffs' Claims Against the Settling Defendants

The first two Tech-Bilt factors require the court to examine the amount to be paid in relation to the settlors' approximate proportionate liability. The settlement agreement provides the City with a $100,000 discount on the balance of the note to the subject property. Plaintiffs contend that the cost of remediation of this site is upwards of $1.2 million. (See Stone Decl. ¶ 7.) The parties place responsibility on the settling defendants at between 8% and 10% of the total remediation costs, as their liability is based on adding now-contaminated soil to the property. Plaintiffs maintain that these defendants merely exacerbated the contamination at the site and that there are other tortfeasors who are allegedly far more liable. Analyzing these allegations at this stage of the proceedings, the court finds that this settlement amount reasonably approximates the settlors' proportionate liability. See N. Cty. Contractor's Assn. v. Touchstone Ins. Servs., 27 Cal. App. 4th 1085, 1088 (2d Dist. 1994) (holding that courts must merely make an educated finding about the parties' liability). Therefore, these two factors favor approving the settlement as to plaintiffs' claims against the settling defendants.

The third factor considers the allocation of the settlement proceeds among the plaintiffs. Here, plaintiffs are

the City and the People of the State of California.[2] The settlement gives the right to payment on the note to the City alone. Nevertheless, these plaintiffs are closely associated and if the City takes ownership of the property, it would be responsible for abating this nuisance to the benefit of the People of the State of California. Any payments on the installment note and, accordingly, the value of the discount would presumably go towards cleaning up the contamination at the site as well. Therefore, this factor favors approving the settlement.

The fourth factor acknowledges that settlors should pay less in settlement than they would at trial. Here, the settling defendants give the City value closer to the lower-end of their estimated liability. This settlement also saves the parties litigation costs and the court's time. Therefore, this factor favors approving the settlement. See Coppola, 2017 WL 4574091, at *4 (same).

The fifth factor accounts for the financial conditions and insurance policy limits of the settling defendants. The settling defendants appeared pro se and have no insurance assets which could be used to fund remediation. (Stone Decl. ¶ 9.) The settlement agreement accommodates defendants' limited financial resources by not having them make any cash payments. The settlement also concludes the litigation for the settling defendants. Therefore, this factor favors the settlement.

---

[2] The court does not decide whether plaintiff the People of the State of California is a real party in interest, as such an argument is not relevant to this motion.

Finally, the sixth factor determines whether there is any collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants. As to the agreement to resolve plaintiffs' claims against the settling defendants, no collusion is apparent. Even though the settling defendants are unrepresented, all parties, including the non-settling defendants, agree that this is a reasonable compromise of these defendants' alleged liability. The absence of an opposition to this part of the settlement agreement "is highly telling and is clearly indicative of reasonableness and good faith." Coppola, 2017 WL 4574091, at *5. Therefore, this factor favors approval of the settlement as well.

In sum, the balance of the Tech-Bilt factors weigh in favor of a finding of reasonableness and good faith. There is nothing else that suggests that the settlement in this regard is anything other than fair, reasonable, and adequate. Accordingly, the court will approve of the settlement of plaintiffs' claims against settling defendants and enter an indemnity and contribution bar order for the settling defendants.[3]

C. Application as to the Settling Defendants' Claim Against the City

The settling defendants' sole counterclaim against the City is for "harassment and discrimination through existing state and federal laws." (Docket No. 46 at 4.) The court finds that the settlement of this claim is not subject to a good faith

---
[3] For the purposes of this motion, the court does not decide how the settlement will be accounted for in relation to the non-settling parties.
.

8

determination under California Code of Civil Procedure Sections 877 and 877.6 nor a possible contribution bar and indemnity bar under CERCLA.

As relevant in this case, California Code of Civil Procedure Sections 877 and 877.6 "deal with good faith settlements and contribution among joint tortfeasors." <u>Schmitt v. Tri Ctys. Bank</u>, 70 Cal. App. 4th 1234, 1248 (3d Dist. 1999) (emphasis omitted). The purpose of Section 877.6 is to "bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault" in the event of a good faith settlement. <u>See</u> Cal. Civ. Proc. Code § 877.6(c).

Here, the settling defendants have not alleged that the City, or any other party, is a joint tortfeasor. Indeed, their sole counterclaim alleges that the City alone harassed and discriminated these defendants by singling them out for compliance with relevant abatement requirements.[4] (Docket No. 46 at 4.) Nothing within the supporting allegations for this counterclaim implicates another tortfeasor or the state and federal law claims that are the focus of the complaint. Therefore, the good faith settlement provisions do not apply to

---

[4] While the settlement also resolves any future claims the settling parties may have against each other (<u>see</u> Settlement Agreement § 4.1), the good faith settlement statutes concern themselves with what is <u>alleged</u>, not hypothetical claims that the parties did not specifically envision at the time of settlement. <u>See</u> Cal. Civ. Proc. Code § 877.6(c).

9

this counterclaim.  See Herrick Corp. v. Canadian Ins. Co., 29
Cal. App. 4th 753, 759-60 (4th Dist. 1994) ("Nothing in the good
faith settlement statutes suggests they apply to litigants other
than 'joint tortfeasors'. . . or 'co-obligors on a contract
debt.'").  Similarly, because this counterclaim is not brought
under CERCLA, it does not implicate CERCLA's indemnity and
contribution bar.  See 42 U.S.C. § 9613(f); see also AmeriPride
Servs. Inc. v. Texas E. Overseas Inc., 782 F.3d 474, 487 (9th
Cir. 2015).

        Accordingly, the court will not make a finding of good faith or reasonableness as to the settlement of the harassment and discrimination counterclaim.

        IT IS THEREFORE ORDERED that the settling parties' Motion for a Good Faith Settlement Determination (Docket No. 65) be, and the same hereby is, GRANTED IN PART.  The court ORDERS as follows:

    1. Under California Code of Civil Procedure §§ 877 and 877.6, and 42 U.S.C. § 9613(f), the settlement agreement reached by the settling parties is in good faith and is a fair, adequate, and reasonable settlement only as to plaintiffs' claims against the settling defendants;

    2. No contribution or indemnity claims against Jeffrey Lyon and Grace Lyon arising out of plaintiffs' Third Amended Complaint or any related cross-claims or counterclaims will be allowed.

    3. The court does not determine that the settlement of the Settling Defendants' claim against the City

was made in good faith for purposes of California Code of Civil Procedure §§ 877 and 877.6.

Dated: May 23, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE