UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CITY OF WEST SACRAMENTO, CALIFORNIA; and PEOPLE OF THE STATE OF CALIFORNIA, <br><br>    Plaintiffs, <br><br>    v. <br><br> R AND L BUSINESS MANAGEMENT, a California corporation, f/k/a STOCKTON PLATING, INC., d/b/a CAPITOL PLATING, INC., a/k/a CAPITOL PLATING, a/k/a CAPITAL PLATING; CAPITOL PLATING INC., a dissolved California corporation; ESTATE OF GUS MADSACK, DECEASED; ESTATE OF CHARLES A. SCHOTZ a/k/a SHOTTS, DECEASED; ESTATE of E. BIRNEY LELAND, DECEASED; ESTATE OF FRANK E. ROSEN, DECEASED; ESTATE OF UNDINE F. ROSEN, DECEASED; ESTATE of NICK E. SMITH, DECEASED; JOHN CLARK, an individual; ESTATE OF LINDA SCHNEIDER, DECEASED; JUDY GUESS, an individual; JEFFREY A. LYON, an individual; GRACE E. LYON, an individual; THE URBAN FARMBOX LLC, a suspended California limited liability company; and DOES 1-50, inclusive, <br><br>    Defendants. | No. 2:18-cv-900 WBS EFB <br><br><br> MEMORANDUM AND ORDER RE: MOTION FOR LEAVE OF COURT TO AMEND THE PLEADINGS |

1

Before the court is defendants R and L Business Management's ("R&L") and John Clark's motion for leave of court to amend their pleadings. (Docket No. 77.) The court held a hearing on the motion on July 1, 2019.[1]

Moving defendants filed this motion on May 23, 2019 for leave to (1) add claims against two would-be third-party defendants, the County of Yolo and Eco Green, LLC; and (2) amend their answers to the City of West Sacramento's ("the City") third amended complaint. Moving defendants contend that they only recently received documents that provide a factual basis for claims against these third-party defendants. Moving defendants seek to amend their answer to add the affirmative defense that the People of the State of California ("the People") are not a real party of interest to this action.

Because the court already issued a pretrial scheduling order (Docket No. 54), moving defendants' ability to amend is governed by Federal Rule of Civil Procedure 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). Under Rule 16(b), parties seeking to amend their pleadings must show good cause. Id. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the part[ies] seeking the amendment." Id. at 609.

If moving defendants establish good cause, they must also demonstrate that amendment is proper under Federal Rule of Civil Procedure 15. Id. at 608. Under Rule 15, this court may consider factors such as bad faith, undue delay, prejudice to the

---

[1] This court described the background to this lawsuit in its prior orders. (See Docket Nos. 18, 33, 44, 63, 78 & 79.)

opposing party, and the futility of amendment.  See Roth v. Marquez, 942 F.2d 617, 628 (9th Cir. 1991) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

I.  Amendment to Add Claims Against Third-Party Defendants

The court finds that moving defendants have shown good cause to add claims against the two would-be third-party defendants.  Earlier this year, and after the court issued the scheduling order, R&L received documents in response to a previously-submitted California Public Records Act request.  (See Decl. of Joseph Salazar ("Salazar Decl.) ¶ 5 (Docket No. 77-1).) R&L then analyzed these documents, subpoenaed relevant reports, and determined that these third-party defendants may have contributed to the contamination at issue in this litigation. (See id. ¶¶ 6-12.)  R&L also spent some time determining that Yolo County and Eco Green were and are owners of related properties.  (See Decl. of Alec Rishwain ("Rishwain Decl.") ¶¶ 3-5 (Docket No. 77-14).)

Even though R&L received the claim denial letter in response to its Government Tort Claims Act claim against Yolo County almost sixty days before filing this motion (see Salazar Decl. ¶ 10), such a delay is not enough to establish that these defendants lacked diligence.  This is not a case where defendants waited months or years after they sufficiently fleshed out the basis for amended pleadings.  Instead, once moving defendants became aware of any possible claims, they took appropriate efforts to identify the proper parties and evidence to support such allegations.  See Kuschner v. Nationwide Credit, Inc., 256 F.R.D. 684, 688 (E.D. Cal. 2009) (Karlton, J.) (focusing the

3

"good cause" inquiry on the moving parties' actions once they should have been aware of the need for amended pleadings).

The only prejudice the City identifies is the increased scope of the litigation and some delay. However, adding these third-party defendants would not substantially change the scope of this lawsuit. The proposed claims merely ask for a determination of these would-be defendants' comparative responsibility for the contamination at issue in the City's third amended complaint. Therefore, the City would not be significantly prejudiced by the addition of these parties. See Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. Cal., 648 F.2d 1252, 1254 (9th Cir. 1981) (finding no undue prejudice where the operative facts of the litigation would remain the same). Further, mere delay does not constitute substantial prejudice. The discovery deadline is August 10, 2020 (see Docket No. 54 at 3), and the parties can always seek extensions as necessary.

Plaintiffs also argue that granting moving defendants leave to add these third-party defendants would be futile. However, "[d]enial of leave to amend on futility grounds alone is rare." Owens v. Walgreen Co., No. 2:12-cv-419 WBS JFM, 2012 WL 2359996, at *2 (E.D. Cal. June 20, 2012) (citing Netbula, LLC v. Distinct Corp., 212 F.R.D. 534, 539 (N.D. Cal. 2003)). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." Netbula, 212 F.R.D. at 539. Accordingly, any such challenges based on this court's prior orders are "better reserved for subsequent

4

motions." See Ernst v. ZogSports Holdings LLC, No. 2:18-CV-09043 RGK MRW, 2019 WL 1423776, at *3 (C.D. Cal. Feb. 26, 2019); see also Wilson v. Conair Corp., No. 1:14-cv-00894 WBS SAB, 2016 WL 7742801, at *3 (E.D. Cal. Feb. 5, 2016) (Arguments that challenge the sufficiency of amended pleadings "are more appropriate for a motion to dismiss.").

Accordingly, because moving defendants have established good cause and otherwise satisfied the requirements of Rule 15, the court will grant them leave to amend their pleadings to allege claims against the County of Yolo and Eco Green, LLC.

II. Amendment of Moving Defendants' Answers

Moving defendants have not shown good cause to amend their answers. As explained previously, moving defendants seek to amend their answers to object to the People as a real party in interest under Federal Rule of Civil Procedure 17. Here, however, the original complaint, which was filed on April 12, 2018, named the People as a plaintiff and specifically cited California Code of Civil Procedure § 731 as the statutory authority that allowed the City to bring the lawsuit in the People's name. (See Compl. ¶ 10 (Docket No. 1).) Only now, well over a year later, do moving defendants seek to raise this affirmative defense for the first time.

There is no compelling reason for why moving defendants could not have included this affirmative defense in its earlier answers. The decision moving defendants rely on for the proposition that the People are not a real party in interest in this type of lawsuit was issued in 2002. See California v. M & P Invs., 213 F. Supp. 2d 1208 (E.D. Cal. 2002) (Damrell, J).

Merely finding this 17-year-old case during the discovery process is not good cause for the purposes of Rule 16.[2] See Hamidi v. Serv. Emps. Int'l Union Local 1000, No. 2:14-CV-319 WBS KJN, 2019 WL 2513767, at *6 (E.D. Cal. June 18, 2019) (holding that moving parties cannot establish good cause where they should have been aware of relevant case law earlier in the litigation).

Moving defendants' other rationalizations fare no better. First, moving defendants cite no authority to support their unique argument that they were required to determine whether the City was authorized by the State to represent the People before including this real party in interest objection in their answers. Even if such authority exists, moving defendants waited until well after the court issued the scheduling order before asking the City if it was an authorized representative of the state. (See Salazar Decl. ¶¶ 14-16; Rishwain Decl. ¶ 8.)

Second, moving defendants' argument that they could not have raised this affirmative defense until they determined that the City may also be liable for the contamination at issue in this lawsuit is likewise unsupported by any authority. Even assuming that the City's alleged liability creates a conflict of interest between it and the People, the relevant case law does not demand that such a conflict of interest exist before a party may raise this objection. Indeed, in M & P Investments, Judge Damrell explicitly did not consider any arguments concerning conflicts of interest between the City of Lodi and the People

---

[2] Notably, Joseph Salazar, an attorney for moving defendants, was an attorney for defendant M & P Investments in that very case. (See Req. for Judicial Notice Ex. 1 (Docket No. 85-1).)

6

because he otherwise concluded that the People were not a real party in interest. See 213 F. Supp. 2d at 1217 n.17. Judge Damrell simply interpreted the cited statutory authorization, California Code of Civil Procedure § 731, and found that it did not allow the City Attorney to represent the People "as a separate party plaintiff apart from the co-plaintiff City." Id. at 1215-17. As previously discussed, the original complaint put moving defendants on notice that the People were joined as a separate party plaintiff. (See Compl. ¶ 10.) Therefore, moving defendants should have included this objection in its very first answer.

Accordingly, because moving defendants did not act diligently in pursuing this affirmative defense, the court's inquiry ends, and it finds that moving defendants do not have good cause to amend their answers. See Johnson, 975 F.2d at 609.

IT IS THEREFORE ORDERED THAT moving defendants' Motion for Leave of Court to Amend the Pleadings (Docket No. 77) be, and the same hereby is, GRANTED IN PART. The request for leave to file claims against the County of Yolo and Eco Green, LLC is GRANTED. The request for leave to file amended answers is DENIED.

Moving defendants have twenty days from the date this Order is signed to file their third-party complaints against the County of Yolo and Eco Green, LLC.

Dated: July 2, 2019

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE