UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CITY OF WEST SACRAMENTO, CALIFORNIA; and PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>R AND L BUSINESS MANAGEMENT, a California corporation, f/k/a STOCKTON PLATING, INC., d/b/a CAPITOL PLATING, INC., a/k/a CAPITOL PLATING, a/k/a CAPITAL PLATING; CAPITOL PLATING, INC., a dissolved California corporation; ESTATE OF GUS MADSACK, DECEASED; ESTATE OF CHARLES A. SCHOTZ a/k/a SHOTTS, DECEASED; ESTATE OF E. BIRNEY LELAND, DECEASED; ESTATE OF FRANK E. ROSEN, DECEASED; ESTATE OF UNDINE F. ROSEN, DECEASED; ESTATE OF NICK E. SMITH, DECEASED; RICHARD LELAND, an individual; SHARON LELAND, an individual; ESTATE OF LINDA SCHNEIDER, DECEASED; JUDY GUESS, an individual; JEFFREY A. LYON, an individual; GRACE E. LYON, an individual; THE URBAN FARMBOX LLC, a suspended California limited liability company; and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | No. 2:18-CV-00900 WBS EFB<br><br><br>ORDER RE: JOINT MOTION FOR GOOD FAITH SETTLEMENT |

1

Before the court is a joint motion for a good faith settlement determination filed on October 7, 2019 by the City of West Sacramento and the People of the State of California ("plaintiffs"), and defendant Judy Guess. (Docket No. 98.)

I. Background

This court described much of the factual and procedural background to this lawsuit in its prior orders. (See Docket Nos. 18, 33, 44 & 63.) On August 21, 2019, plaintiffs and defendant Judy Guess reached an agreement for the settlement of all claims and disputes between them in this matter. (Decl. of Kenneth Stone ("Stone Decl.") ¶ 3 (Docket No. 98-1); see also Stone Decl. Ex. 1 ("Settlement Agreement") (written agreement setting forth the terms of the settlement) (Docket No. 98-4).) Plaintiffs have alleged the following claims against Judy Guess: (1) violation of the Resource Conservation and Recovery Act ("RCRA") § 7002(a), 42 U.S.C. § 6972(a)(1)(B); (2) violation of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") § 107(a), 42 U.S.C. § 9607(a); (3) violation of The Gatto Act, California Health & Safety Code §§ 25403-25403.8; (4) violation of The Porter-Cologne Water Quality Control Act, California Water Code § 13304(c); (5) public nuisance; (6) trespass; (7) statutory indemnity; and (8) declaratory relief. (See Third Am. Compl. ("TAC") (Docket No. 45).) The TAC alleges that Guess owned the property during the time that contaminants were disposed of at the property. (Id. ¶ 94.)

The settling parties now move for a good faith settlement determination and an order barring all claims against

them for contribution and indemnity.  Pursuant to the settlement agreement, Guess will pay $50,000.00 to the City.  (See Settlement Agreement § 3.1.)  The settling parties also request that the court dismiss all claims between them with prejudice.  Defendants John Clark and R&L Business Management filed a statement of non-opposition to defendant Guess' motion for a good faith settlement determination.  (See Docket Nos. 98 & 108.)

II. Discussion

    A.    Applicable Law

        1.    State Law Claims

The settling parties have settled claims brought under both state and federal law.  "When a district court . . . hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims."  Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC, 632 F.3d 1056, 1060 (9th Cir. 2011) (citation omitted).  California state settlement law, here codified in California Code of Civil Procedure Section 877, constitutes substantive law.  See id.  Section 877.6 "is the procedural mechanism for implementing [Section] 877" and making the determination of a good faith settlement.  See Coppola v. Smith, No. 1:11-CV-1257 AWI BAM, 2017 WL 4574091, at *2 (E.D. Cal. Oct. 13, 2017).  Therefore, the court will apply California settlement law to the state law claims at issue between the settling parties.  See Mason & Dixon, 632 F.3d at 1060.

        2.    CERCLA Claim

For plaintiffs' CERCLA claim, courts review settlements

3

and generally enter contribution and indemnity bars if the settlement is "procedurally and substantively fair, reasonable, and consistent with CERCLA's objectives." Arizona v. City of Tucson, 761 F.3d 1005, 1012 (9th Cir. 2014) (citation and internal quotation marks omitted). This court has an independent obligation to scrutinize the terms of the agreement. Id. The court must find that the agreement is roughly correlated with some acceptable measure of comparative fault that apportions liability among the settling parties according to a rational estimate of the harm potentially responsible parties have done. Id.

### 3. Gatto Claim

Liability under the Gatto Act turns on liability under CERCLA. The Gatto Act provides that "if a local agency undertakes action to investigate property or clean up . . . a release of hazardous material, the responsible party shall be liable to the local agency for the costs incurred in the action." Cal. Health & Safety Code § 25403.5. A responsible party includes "those described in Section 107(a) of CERCLA." Id. Because good-faith settlement determinations turn on the apportionment of liability among the defendants, see infra, the court will apply the same standard as that for plaintiffs' CERCLA claim.

### 4. Porter-Cologne Water Quality Control Act Claim

The Porter-Cologne Water Quality Control Act "derives from the common law of nuisance." Wells Fargo Bank, N.A. v. Renz, 795 F. Supp. 2d 898, 918 (N.D. Cal. 2011) (citing City of

Modesto Redevelopment Agency v. Superior Court, 119 Cal. App. 4th 28, 37 (2004)).[1] Because "the relevant question for purposes of liability is whether the defendant created or assisted in the creation of the nuisance," id. at 918, a state law claim, the court will apply the same standard as that for plaintiff's state law claims.

### 5. RCRA Claim

The settlement agreement bars all claims against Guess for contribution and indemnity. Defendants, however, have "no right to contribution under RCRA." Tyco Thermal Controls LLC v. Redwood Indus., No. C 06-07164 JF PVT, 2010 WL 3211926, at *12 (N.D. Cal. Aug. 12, 2010). "The primary relief available to a private party under RCRA is a mandatory injunction." Gilroy Canning Co., Inc. v. Cal. Canners and Growers, 15 F.Supp.2d 943, 945 (N.D.Cal.1998). RCRA "is not principally designed to . . . compensate those who have attended to the remediation of environmental hazards." Meghrig v. KFC W., Inc., 516 U.S. 479, 483. Congress did not provide for such a remedy and this court "declines to 'engraft' a contribution or indemnity action onto RCRA." Tyco, 2010 WL 3211926 at *12 (quoting U.S. v. Domestic Indus., Inc., 32 F. Supp. 2d 855, 872 (E.D. Va. 1999)). This court therefore need not consider defendant's liability under plaintiff's RCRA claim in its good-faith settlement

---

[1] The Act permits a contribution claim to be brought against "[a]ny person who has discharged or discharges waste ... or who has caused or permitted, causes or permits, or threatens to cause or permit any waste to be discharged or deposited where it is, or probably will be, discharged into the waters of the state and creates, or threatens to create, a condition of pollution or nuisance." Cal. Water Code § 13304(a).

determination.

In short, the court will apply California law to plaintiffs' state law and Porter-Cologne Act claims and the CERCLA standard to plaintiffs' CERCLA and Gatto Act claims.

B.   Legal Standard – *Tech-Bilt* Factors

Ultimately, the factors considered in determining whether a settlement is in good faith under California law are similar to the factors used to evaluate whether a CERCLA settlement is fair, reasonable, and adequate. See Coppola, 2017 WL 4574091, *3. As such, the court "will make findings regarding 'good faith'" under California law "as part [of] its determination of whether the settlement of the CERCLA claim[ ] is fair, adequate, and reasonable." Id.

California Code of Civil Procedure Sections 877 and 877.6 govern the determination of whether a proposed settlement is in "good faith" under state law. Courts review the following nonexclusive factors from Tech-Bilt, Inc. v. Woodward-Clyde & Associates, 38 Cal. 3d 488 (1985), to determine if a settlement is within a reasonable range and thus in good faith under Sections 877 & 877.6: (1) a rough approximation of the plaintiffs' total recovery and the settlor's proportionate liability; (2) the amount to be paid in settlement; (3) the allocation of settlement proceeds among the plaintiffs; (4) a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial; (5) the financial conditions and insurance policy limits of the settling defendants; and (6) the existence of collusion, fraud, or

6

tortious conduct aimed to injure the interests of non-settling defendants. See id. at 499. Ultimately, the determination is left to the trial court's discretion. Id. at 502.

A determination that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for contribution or indemnity, based on comparative negligence or comparative fault. Cal. Civ. Proc. Code § 877.6(c).

C. Application as to Plaintiffs' Claims Against the Settling Defendants

The first two Tech-Bilt factors require the court to examine the amount to be paid in relation to the settlors' approximate proportionate liability. Guess settled with the city for a lump sum payment of $50,000.00. Plaintiffs contend that the cost of remediation of this site is upwards of $1.2 million. (See Stone Decl. ¶ 7.) The parties place responsibility on the settling defendant at between 4 and 5 percent of the total remediation costs because Guess "was not an active contributor to hazardous substances like the plating company which operated there for many years." (Joint Notice of Settlement at 10 (Docket No. 98).) Plaintiffs also maintain that there are other tortfeasors who are allegedly far more liable. Id. Analyzing these allegations at this stage of the proceedings, the court finds that this settlement amount reasonably approximates the settlors' proportionate liability. See N. Cty. Contractor's Assn. v. Touchstone Ins. Servs., 27 Cal. App. 4th 1085, 1088 (2d Dist. 1994) (holding that courts must merely make an educated

finding about the parties' liability). Therefore, these two factors favor approving the settlement as to plaintiffs' claims against the settling defendant.

The third factor considers the allocation of the settlement proceeds among the plaintiffs. Here, plaintiffs are the City and the People of the State of California. The settlement proceeds go only to the City. Nevertheless, these plaintiffs are closely associated. The payments would presumably go towards cleaning up the contamination at the site. In remedying the property, the City would abate this nuisance to the benefit of the People of the State of California. Therefore, this factor favors approving the settlement.

The fourth factor acknowledges that settlors should pay less in settlement than they would at trial. A $50,000.00 payment represents roughly 4.2 percent of the estimated $1.2 million cost of cleanup. With an estimated liability between 4 and 5 percent, it is likely that Guess would pay more at trial. This settlement also saves the parties litigation costs and the court's time. Further, any judgments against Guess would be for joint and several liability, which could hold her liable for a larger portion of the judgment. Therefore, this factor favors approving the settlement. See Coppola, 2017 WL 4574091, at *4.

The fifth factor accounts for the financial conditions and insurance policy limits of the settling defendants. The settling defendant has no insurance assets to pay for this liability. (Joint Notice of Settlement at 10 (Docket No. 98).). Defendant lives on a fixed disability income, is a retired widow,

and is unable to pay more than she has offered to pay. (Id.) The settlement agreement accommodates defendant's limited financial resources and concludes the litigation for the settling defendants. Therefore, this factor favors the settlement.

Finally, the sixth factor determines whether there is any collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants. No collusion is apparent here. Non-settling defendants agree that this is a reasonable compromise of these defendant's alleged liability. (See Docket Nos. 98 & 108.) The absence of an opposition to the settlement agreement "is highly telling and is clearly indicative of reasonableness and good faith." Coppola, 2017 WL 4574091, at *5. Therefore, this factor favors approval of the settlement as well.

In sum, the balance of the Tech-Bilt factors weigh in favor of a finding of reasonableness and good faith. There is nothing else that suggests that the settlement is anything other than fair, reasonable, and adequate. Accordingly, the court will approve of the settlement of plaintiffs' claims against settling defendants and enter an indemnity and contribution bar order for the settling defendants.

IT IS THEREFORE ORDERED that the settling parties' Motion for a Good Faith Settlement Determination (Docket No. 98) be, and the same hereby is, GRANTED. The court ORDERS as follows:

1. Under California Code of Civil Procedure §§ 877 and 877.6, and 42 U.S.C. § 9613(f), the settlement agreement reached by the settling parties is in good faith and is a fair, adequate, and reasonable settlement as to plaintiffs' claims against the

settling defendants;

    2. No contribution or indemnity claims against Defendant Guess arising out of plaintiffs' Third Amended Complaint or any related cross-claims or counterclaims will be allowed; and

    3. The Plaintiff's Third Amended Complaint is dismissed with prejudice as to Defendant Guess.

Dated: October 22, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE