UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CITY OF WEST SACRAMENTO, CALIFORNIA; and PEOPLE OF THE STATE OF CALIFORNIA,<br><br>             Plaintiffs,<br><br>     v.<br><br>R AND L BUSINESS MANAGEMENT, a California corporation, f/k/a STOCKTON PLATING, INC., d/b/a CAPITOL PLATING, INC., a/k/a CAPITOL PLATING, a/k/a CAPITAL PLATING; CAPITOL PLATING, INC., a dissolved California corporation; et al.,<br><br>             Defendants. | No. 2:18-CV-00900 WBS EFB<br><br><br>MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT NICK E. SMITH'S MOTION TO CONTINUE SUMMARY JUDGMENT |

----oo0oo----

Plaintiffs City of West Sacramento, California (the "City") and the People of the State of California brought this action against defendants R&L Business Management, et al., to address toxic levels of soil and groundwater contamination in the environment within the City. The court now considers plaintiffs' motion for summary judgment and defendant Smith's motion to continue plaintiffs' motion under Federal Rule of Civil Procedure

1

56(f).

## I.   Factual and Procedural Background

This court described much of the factual and procedural background to this lawsuit in its prior orders.  (See Docket Nos. 18, 33, 44, and 63.).  The City now moves for partial summary judgment on its CERCLA,[1] RCRA,[2] Gatto Act,[3] public nuisance, and declaratory relief claims against the business, R&L Business Management, aka/fka Stockton Plating, Inc. ("R&L"), and the Estate of Nick Smith, Deceased ("Smith").  (Pls.' Mot. for Summ. J. at 2 (Docket No. 95).)  The City also seeks partial summary judgment against John Clark (collectively with R&L and Smith, "Defendants") on its CERCLA, public nuisance, and declaratory relief claims.  (Id.)  In turn, Smith moves to continue hearing on plaintiffs' motion for summary judgment under Federal Rule of Civil Procedure 56(d) to allow Smith to depose Dr. Ann Farr. (Decl. of Michael Guasco ("Guasco Decl.") (Docket No. 105-1).)

## II.   Defendant Smith's Motion for Continuance

"A district court should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment."  State of Cal., on Behalf of Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 779 (9th Cir.

---

[1]    "CERCLA" refers to the Comprehensive Environmental Response, Compensation, and Liability Act, CERCLA §§ 101–405, 42 U.S.C. §§ 9601–9675.

[2]    "RCRA" refers to the Resource Conservation and Recovery Act, RCRA §§ 1002–11011, 42 U.S.C. §§ 6901–6992k.

[3]    "Gatto Act" refers to Cal. Health & Saf. Code §§ 25304–25304.8.

2

1998) (citing <u>McCormick v. Fund Am. Cos., Inc.</u>, 26 F.3d 869, 885 (9th Cir.1994)).[4]   A party requesting a continuance pursuant to Rule 56(d) therefore "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion." <u>Id.</u>

Courts usually employ a "generous approach toward granting [Rule 56(d)] motions." <u>Berkeley v. Home Ins. Co.</u>, 68 F.3d 1409, 1414 (D.C. Cir. 1995); <u>see also</u> <u>Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation</u>, 323 F.3d 767, 773 (9th Cir. 2003).  Summary judgment is appropriate "only where [further] discovery would be 'fruitless.'" <u>Jones v. Blanas</u>, 393 F.3d 918, 930 (9th Cir. 2004).  Indeed, a "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course" unless "the non-moving party has not diligently pursued discovery of the evidence." <u>Wichita Falls Office Assocs. v. Banc One Corp.</u>, 978 F.2d 915, 919 n.4 (5th Cir. 1992); <u>see also</u> <u>Burlington</u>, 323 F. 3d at 773.

Notably, "the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'" <u>Metabolife</u>

---

[4]     "Rule 56(d) was formerly Rule '56(f),' and the cases that interpret Rule 56(f) apply to current Rule 56(d)." <u>Slama v. City of Madera</u>, No. 1:08-CV-810 AWI GSA, 2012 WL 1067198, at *2 (E.D. Cal. Mar. 28, 2012).

_Int'l, Inc. v. Wornick_, 264 F.3d 832, 846 (9th Cir. 2001) (citing _Anderson v. Liberty Lobby, Inc._, 477 U.S. 242, 250 n. 5, (1986)). The court therefore keeps in mind that "[b]ecause experts had not yet been disclosed," [defendant Smith] "was unable to previously depose Dr. Farr." (Guasco Decl. at 2.)

### (1) Affidavits

To comply with Rule 56(d), defendant must "submit affidavits setting forth the particular facts expected from further discovery." _Brae Transp., Inc. v. Coopers & Lybrand_, 790 F.2d 1439, 1443 (9th Cir. 1986). "References in memoranda and declarations to a need for discovery" do not suffice. _Id._

Defendant Smith offers the declaration of his attorney, Michael C. Guasco. Mr. Guasco therein identifies several facts he expects to discover if given more time, including the source and bases of the opinions of Dr. Anne Farr. Because defendant Smith has "attached a detailed sworn declaration from counsel explaining the need for additional time and setting forth particular facts expected to be obtained" from the experts, defendant has satisfied the affidavit requirement under Rule 56(d). _See_ _TMJ Inc., v. Nippon Tr. Bank_, 16 F. App'x 795, 797 (9th Cir. 2001).

### (2) Existence of Facts Sought

Under Rule 56(d), the party requesting a continuance must show that the facts sought exist. "Denial of a Rule [56(d)] application is [therefore] proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." _Terrell v. Brewer_, 935 F.2d 1015, 1018

(9th Cir.1991).

This court finds no reason to believe that the facts sought do not exist.  Dr. Farr presumably relied on specific facts to reach her conclusions.  Defendant therefore satisfies the existence requirement.

(3) <u>Essentialness of Facts Sought</u>

"[T]he party seeking the continuance must show that it lacks the 'facts essential' to resist the summary judgment motion."  <u>McCormick</u>, 26 F.3d at 885.  The moving party must explain why those facts would preclude summary judgment.  <u>Tatum v. City & Cty. of San Francisco</u>, 441 F.3d 1090, 1100 (9th Cir. 2006).

Here, defendant Smith seeks to develop facts essential to challenge plaintiff's summary judgment motion.  For example, under CERCLA, plaintiff must show that defendant owned or operated facility "at the time of disposal" of a hazardous substance at the facility.  42 U.S.C. § 9607(a)(2).  Plaintiffs rely on Dr. Farr to determine the timing of the release of the hazardous substance as it relates to defendant R&L Business Management.  (Decl. of Anne Farr ("Farr Decl.") at 5-9 (Docket No. 107-4).)  It is unclear whether Dr. Farr "can or will opine as to when any disposal may have occurred" during the time defendant Smith owned the property.  (Def. Smith Opp. to Pls.' Mot. for Summ. J. at 5-6 (Docket No. 103).)  Because defendant Smith "argue[s] that [plaintiff] has not adequately demonstrated causation with regards to [his] CERCLA liability," "further expert discovery" would help defendant raise a genuine issue of

material fact.  Roosevelt Irrigation Dist. v. Salt River Project Agric. Improvement & Power Dist., No. 210CV290DAEBGM, 2016 WL 3613278, at *3 (D. Ariz. Feb. 22, 2016).  Defendants therefore satisfy the essentialness requirement under Rule 56(d).

IT IS THEREFORE ORDERED that defendant Smith's Motion for Continuance of Summary Judgment (Docket No. 103) be, and the same hereby is, GRANTED.

Defendant Smith shall complete the deposition of Dr. Farr on or before November 1, 2019.  Defendant Smith shall submit his opposition to Plaintiffs' Motion for Summary Judgment, and any other defendant may amend its response to the motion, on or before November 15, 2019.  Plaintiffs shall submit their reply to Defendant Smith's opposition on or before November 22, 2019.  The hearing on plaintiffs' Motion for Summary Judgment (Docket No. 95) is CONTINUED to December 2, 2019, at 1:30 p.m.

IT IS SO ORDERED.

Dated:  October 24, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE