```
 1
 2
 3
 4
 5                    UNITED STATES DISTRICT COURT
 6                   EASTERN DISTRICT OF CALIFORNIA
 7                            ----oo0oo----
 8
 9
   CITY OF WEST SACRAMENTO,              No. 2:18-CV-00900 WBS EFB
10 CALIFORNIA; and PEOPLE OF THE
   STATE OF CALIFORNIA,
11
                Plaintiffs,
12                                       MEMORANDUM AND ORDER RE:
        v.                               MOTION TO DISMISS R&L
13                                       BUSINESS MANAGEMENT'S THIRD-
   R AND L BUSINESS MANAGEMENT, a        PARTY COMPLAINT
14 California corporation, f/k/a
   STOCKTON PLATING, INC., d/b/a
15 CAPITOL PLATING, INC., a/k/a
   CAPITOL PLATING, a/k/a CAPITAL
16 PLATING; CAPITOL PLATING, INC.,
   a dissolved California
17 corporation; et al.,
18              Defendants.
19
20                           ----oo0oo----
21         The City of West Sacramento, California ("the City")
22  and the People of the State of California filed suit
23  to address toxic levels of soil and groundwater contamination in
24  the environment within the City.  Defendants R&L Business
25  Management and John Clark (collectively referred to as "R&L")
26  subsequently brought the County of Yolo into the action as a
27  third party to the City's lawsuit.  R&L seeks contribution should
28
                                    1
```

R&L be found liable in the City's lawsuit. Before the court is the County of Yolo's ("the County") Motion to Dismiss Defendant R&L's Third-Party Complaint. (Docket No. 100.)

I. Factual and Procedural Background

A. The City's Lawsuit

The City's lawsuit against R&L involves the alleged contamination at 319 3rd Street. This court described much of the factual and procedural background to this lawsuit in its prior orders. (See Docket Nos. 18, 33, 44 & 63.) The Third Amended Complaint ("TAC") is the current operative complaint. (Docket No. 45.)

B. R&L's Third-Party Complaint

R&L's Third-Party Complaint ("TPC") against the County (Docket No. 90.) involves the alleged contamination at 305 3rd Street, a property two parcels north of the 319 property at issue in the City's complaint. (Pl.'s Mot. to Dismiss (Docket No. 100).) The TPC relies primarily on an Environmental Site Assessment prepared by Wallace Kuhl & Associates in 2006. (TPC at 3, ¶ 14.) The TPC alleges that "historical surface fill material containing heavy metals and a substantial amount of lead was placed and maintained at and around [305 Third Street and 317 Third Street], during Yolo County's ownership of 305 Third Street." (Id. at 4, ¶ 17. (Docket No. 90).) "As a direct result of the historic operations and importing of soils," the TPC continues, the two properties "contained fill and native soils that tested for high concentration of levels of heavy materials." (Id. at 5, ¶ 30.) The TPC also alleges that "lead and other

2

toxic chemicals were discharged onto and into the soil beneath" the 305 and 317 properties. (Id. at 4, ¶ 23.) The chemicals thereafter allegedly "contributed to the contamination of the soil and groundwater." (Id. at 4, ¶ 24.)

Because Yolo County has not "engaged in any remedial measures," the contamination allegedly continues "to spread and become worse." (Id. at 5-6, ¶ 33; see also id. at 4, ¶ 23 ("Absent any remedial activity, that surface contamination will continue to spread and potentially leach into groundwater.").) Notably, however, R&L's Third-Party Complaint does not allege that the contamination at 305 3rd Street is the same contamination as that at 319 3rd Street.

The TPC alleges four causes of action: (1) contribution under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9613(f)(1); (2) equitable indemnity; (3) equitable contribution; and (4) declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.[1] The County now moves to dismiss all claims.

II. Legal Standard

On a Rule 12(b)(6) motion, the inquiry before the court is whether, accepting the factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678

---

[1] R&L filed the same four counterclaims against the City (Docket No. 50). The City subsequently moved to dismiss the complaint and this court granted the motion. (Mem. & Order, May 23, 2019 (Docket No. 78).)

3

(2009). Legal conclusions "must be supported by factual allegations." Id. at 679. Pleadings that "are no more than conclusions . . . are not entitled to the assumption of truth." Id.

### III. Discussion

#### A. CERCLA Claim

R&L brings a claim for contribution against the County under Section 113(f)(1) of CERCLA. See 42 U.S.C. § 9613(f)(1). Section 113(f)(1) allows a party to "seek contribution from any other person who is liable or potentially liable under Section 107(a), during or following any civil action under section 106 of this title or under section 107(a) of this title." Id. A party may assert a contribution claim only "during or following" a civil action under § 106 or §107(a) to which they are a party. Cooper Indus., Inc. v. Aviall Servs., Inc., 543 U.S. 157, 168 (2004). If a private party has not been sued, the party cannot obtain contribution under Section 113(f)(1). Id.

The face of the Third-Party Complaint seeks contribution from the County for contamination separate from that underlying the City's § 107(a) action against R&L. The City's CERCLA claim "stem[s] from alleged environmental contamination, which [the City] contends originated from . . . 319 3rd Street." (TPC at 4, ¶ 20; see also TAC at 2, ¶ 4 ("The contamination originates from the real property located at 319 3rd Street."); TAC at 10, ¶ 59 ("The source of the Contaminants . . . is Capitol Plating, the metal plating business that operated on the Property continuously for over 35 years.").) R&L's claim against the

4

County, however, stems from alleged contamination at 305 3rd Street (TPC at 4, ¶ 23) -- "a property two parcels north" of the 319 property. (Pl.'s Mot. to Dismiss at 1.) Nothing in the City's operating complaint or its subsequent pleadings suggests that the City seeks to hold R&L liable for contamination originating at the 305 property.

Further, the kind of contamination R&L alleges was found at 305 property appears from the face of the TPC to be different from that alleged by the City. R&L alleges that "lead and other hazardous chemicals were discharged" at the 305 property. (TPC at 4, ¶ 23.) The word "lead," however, does not appear in the City's operative complaint or in its motion for summary judgment. Instead, the City specifically and repeatedly seeks damages for the release of nickel, copper, zinc, chromium, and 1,2-DCA, only. (TAC at 10, ¶ 57; see also, e.g., Pls. Mot. Summ. J. at 14-15, 17-18, 20-22, 23, 25-26, 27 (Docket No. 95).)

The term "hazardous chemicals" is insufficient for the court to infer that the contamination alleged in the complaint is the same as the contamination alleged in the TPC. First, whether a substance is "hazardous" is a legal conclusion under CERCLA. See 42 U.S.C. § 9607(a)(2), (3), (4). Because the term, without factual allegations, is "no more than [a] conclusion[]," it is "not entitled to an assumption of truth." Iqbal, 556 U.S. at 679. Second, even if the court assumed that hazardous substances were indeed discharged at the 305 property, it would not be a reasonable inference to conclude that R&L's use of the term "hazardous chemicals" in a generic sense, without more, means

nickel, copper, zinc, chromium, or 1,2-DCA, specifically. The court therefore cannot infer that R&L seeks to hold the County accountable for the same contamination for which the City is suing R&L.

Accordingly, R&L cannot maintain its contribution claim against the County. Because the City does not seek to hold R&L liable for the contamination here at issue, and because the R&L does not allege the same kind of contamination for which R&L is being sued, R&L seeks contribution for contamination for which it is not being sued. The Supreme Court made it clear that a party who has not been subject to a civil action under § 106 or 107(a) "has no § 113(f)(1) claim." Aviall, 543 U.S. at 168. R&L thus fails to properly plead a contribution claim under Section 113(f)(1).

B. Equitable Indemnity and Contribution Claims

R&L also brings counterclaims for equitable indemnity and equitable contribution under California laws. Equitable indemnity "is premised on a joint legal obligation to another for damages." W. Steamship Lines, Inc. v. San Pedro Peninsula Hosp., 8 Cal. 4th 100, 114 (1994). The doctrine is "subject to allocation of fault principles and comparative equitable apportionment of loss." Prince v. Pac. Gas & Elec. Co., 45 Cal. 4th 1151, 1158 (2009). It is also subject to immunities and other limitations on liability available against the injured party. Id. at 1159-59. Contribution is similar because it permits one joint tortfeasor to recover from another. See Sullins v. Exxon/Mobil Corp., No. C 08-04927 CW, 2009 WL 2779172, at *7

(N.D. Cal. Sept. 2, 2009). However, contribution "is a creature of statute and distributes the loss equally among all tortfeasors." Coca-Cola Bottling Co. v. Lucky Stores, Inc., 11 Cal. App. 4th 1372, 1378 (2d Dist. 1992) (citing Cal. Civ. Proc. Code § 875). A defendant cannot recover under both theories of indemnification and contribution. See id. at 1379 (citing Cal. Civ. Proc. Code § 875(f)).

### 1. Equitable Indemnity

In evaluating R&L's counterclaims against the City, this court found that R&L is barred under the California Government Claims Act (CGCA) from bringing a claim for equitable indemnity against the City of West Sacramento. (Mem. & Order, May 23, 2019 (Docket No. 78).)

The court now reaches the same conclusion here, for the same reason it previously provided. In short, under Section 815 of the CGCA, "[e]xcept as otherwise provided by statute, [a] public entity is not liable for an injury." Cal. Gov't Code § 815. R&L's equitable indemnity claim lacks a statutory basis because none of the statutes under which R&L is suing the County expressly waive the County's immunity. The court must therefore dismiss this claim. (See Mem. & Order, May 23, 2019.)

### 2. Equitable Contribution

This court also previously ruled that R&L cannot bring an equitable contribution counterclaim absent allegations that "(1) a judgment has been rendered jointly against it and the [County]" and (2) that "R&L has discharged more than its pro rata share of that judgment." (Id. at 9 (citing Coca-Cola, 11 Cal.

App. 4th at 1380.) R&L has not alleged any facts that go to either of the elements above. Accordingly, the court will dismiss R&L's equitable contribution counterclaim. (See Mem. & Order, May 23, 2019.)

C. Declaratory Judgment

R&L's only remaining claim seeks a judicial declaration that "Yolo County [is] liable for [its] proportionate share of the harm suffered and costs incurred as a result of contamination alleged in the City's Third Amended Complaint." (TPC at 7, ¶ 48.)

In the City's motion to dismiss R&L's counterclaims, this court found that, "because R&L's other counterclaims have all been dismissed," the court had to dismiss R&L's claim for declaratory relief. (Mem. & Order, May 23, 2019.) The situation here is no different and the court reaches the same conclusion. Declaratory relief is not an independent claim. See Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010) (Shubb, J.). R&L is not entitled to relief under the Declaratory Judgment Act "absent a viable underlying claim." See Shaterian v. Wells Fargo Bank, N.A., 829 F. Supp. 2d 873, 888 (N.D. Cal. 2011); see also Tex. Health & Human Servs. Comm'n v. United States, 166 F. Supp. 3d 706, 712 (N.D. Tex. 2016) ("To obtain relief under the Declaratory Judgment Act, the [party] must first identify a cause of action under some other law."). Because R&L does not have any remaining viable claims, the court now dismisses R&L's claim for declaratory relief.

IT IS THEREFORE ORDERED that the County's Motion to

Dismiss R&L's Third-Party Complaint (Docket No. 100) be, and the same hereby is, GRANTED.

R&L has twenty days from the date of this order to file an Amended Third-Party Complaint if it can do so consistent with this Order.

Dated: October 28, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE