1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11                          ----oo0oo----

12

13   CITY OF WEST SACRAMENTO,              No. 2:18-cv-00900 WBS EFB
     CALIFORNIA; and PEOPLE OF THE
14   STATE OF CALIFORNIA,

15              Plaintiffs,                MEMORANDUM AND ORDER RE:
                                           PLAINTIFFS' MOTION FOR
16        v.                               PARTIAL SUMMARY JUDGMENT ON
                                           ITS PUBLIC NUISANCE AND
17   R AND L BUSINESS MANAGEMENT, a        PORTER-COLOGNE ACT CLAIMS
     California corporation, f/k/a
18   STOCKTON PLATING, INC., d/b/a
     CAPITOL PLATING INC., a/k/a
19   CAPITOL PLATING, a/k/a CAPITAL
     PLATING; CAPITOL PLATING, INC.,
20   a dissolved California
     corporation; et al.,
21
                Defendants.
22

23                          ----oo0oo----

24
              Plaintiffs City of West Sacramento, California and the
25
     People of the State of California (collectively, "plaintiffs")
26
     brought this action to address toxic levels of soil and
27
     groundwater contamination resulting from the release of hazardous
28

                                     1

1  substances from a metal plating facility formerly located at 319
2  3rd Street, West Sacramento, California (the "Site").

3         The court previously granted in part plaintiffs' motion
4  for partial summary judgment, holding defendants R and L Business
5  Management ("R&L"), John Clark, and the Estate of Nick E. Smith
6  (collectively, "defendants") liable under the Comprehensive
7  Environmental Response, Compensation, and Liability Act
8  ("CERCLA"), 42 U.S.C. § 9607(a).  (Order at 10 (Docket No. 125).)
9  The court found that triable issues of material fact remained as
10  to plaintiffs' claim under the Resource Conservation and Recovery
11  Act ("RCRA"), 43 U.S.C. § 6972.  (Id. at 14-16.)

12         After holding an evidentiary hearing, the court further
13  determined that defendants' contribution to the pollution at the
14  Site was not divisible from the total contamination present at
15  the Site under CERCLA.  (See Mem. and Order re: Defendants'
16  Divisibility Defense ("Divisibility Order") (Docket No. 203).)
17  The court described the factual and procedural background of this
18  lawsuit in great detail in these prior orders.  (See Docket Nos.
19  125, 203.)

20         Plaintiffs now move for partial summary judgment
21  against defendants as to their claims under California public
22  nuisance law and the Porter-Cologne Water Quality Control Act,
23  Cal. Wat. Code § 13304(c).[1]

24  I.   Legal Standard

25         [1]   Plaintiffs' contemporaneous motion for summary judgment
26  on their claims under the Gatto Act, Cal. Health & Safety Code §§
   25403.1, 25403.5; the Carpenter-Presley-Tanner Hazardous
27  Substance Account Act ("HSAA"), Cal Health & Safety Code §
   25363(d); and for Injunctive Relief will be decided in a separate
28  Order.

1    A.    Summary Judgment

2            Summary judgment is proper "if the movant shows that

3    there is no genuine dispute as to any material fact and the

4    movant is entitled to judgment as a matter of law."  Fed. R. Civ.

5    P. 56(a).  A material fact is one that could affect the outcome

6    of the suit, and a genuine issue is one that could permit a

7    reasonable jury to enter a verdict in the non-moving party's

8    favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

9    (1986).

10           The party moving for summary judgment bears the initial

11   burden of establishing the absence of a genuine issue of material

12   fact and can satisfy this burden by presenting evidence that

13   negates an essential element of the non-moving party's case.

14   Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

15   Alternatively, the movant can demonstrate that the non-moving

16   party cannot provide evidence to support an essential element

17   upon which it will bear the burden of proof at trial.  Id.  Any

18   inferences drawn from the underlying facts must, however, be

19   viewed in the light most favorable to the party opposing the

20   motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

21   U.S. 574, 587 (1986).

22   II.   Discussion

23           Plaintiffs first argue that they are entitled to

24   summary judgment on their claim that defendants' contributions to

25   pollution at the Site have caused a public nuisance.  (See Pls.'

26   Mem. P. & A. at 23-32 (Docket No. 204).)  Under California law, a

27   nuisance is "[a]nything which is injurious to health . . . or is

28   indecent or offensive to the senses, or an obstruction to the

1   free use of property, so as to interfere with the comfortable

2   enjoyment of life or property . . . ."  Cal. Civ. Code § 3479.  A

3   public nuisance is "one which affects at the same time an entire

4   community or neighborhood, or any considerable number of persons,

5   although the extent of the annoyance or damage inflicted upon

6   individuals may be unequal."  Cal. Civ. Code § 3480.  A plaintiff

7   must show "substantial and unreasonable interference, either with

8   a public right or with the enjoyment of a plaintiff's property."

9   Coppola v. Smith, 935 F. Supp. 2d 993, 1017–19 (E.D. Cal. 2013)

10  (Ishii, J.) (citing City of Los Angeles v. San Pedro Boat Works,

11  635 F.3d 440, 452 (9th Cir. 2011); People ex rel. Gallo v. Acuna,

12  14 Cal. 4th 1090 (Cal. 1997)).

13         To prevail on a claim of public nuisance, "[a]

14  plaintiff must establish a 'connecting element' or a 'causative

15  link' between the defendant's conduct and the threatened harm."

16  Citizens for Odor Nuisance Abatement v. City of San Diego, 8 Cal.

17  App. 5th 350, 359 (2017) (quoting In re Firearm Cases, 126 Cal.

18  App. 4th 959, 988 (2005)).  "[T]he causation element of a public

19  nuisance cause of action is satisfied if the conduct of a

20  defendant is a substantial factor in bringing about the result."

21  People v. ConAgra Grocery Products Co., 17 Cal. App. 5th 51, 101

22  (2017).

23         "'The substantial factor standard is a relatively broad

24  one, requiring only that the contribution of the individual cause

25  be more than negligible or theoretical.'  Thus, 'a force which

26  plays only an infinitesimal or theoretical part in bringing about

27  injury, damage, or loss is not a substantial factor,' but a very

28  minor force that does cause harm is a substantial factor."  Id.

1  (quoting <u>Bockrath v. Aldrich Chem. Co.</u>, 21 Cal. 4th 71, 79 (Cal.

2  1999)).

3          Plaintiffs also argue that they are entitled to summary

4  judgment on their claim that defendants violated the Porter

5  Cologne Water Quality Control Act. The Porter-Cologne Act permits

6  a governmental cost recovery claim to be brought against "any

7  person who has discharged or discharges waste . . . or who has

8  caused or permitted . . . waste to be discharged or deposited . .

9  . into the waters of the state and creates, or threatens to

10  create, a condition of pollution or nuisance."  Cal. Wat. Code §

11  13304(a).

12          To prevail on a claim under the Porter-Cologne Act, a

13  plaintiff must satisfy the same common-law causation requirements

14  as for a claim under California public nuisance law.  <u>See</u> <u>City of</u>

15  <u>Modesto Redev. Agency v. Superior Court</u>, 119 Cal. App. 4th 28, 38

16  (2004) ("[I]t appears that the Legislature not only did not

17  intend to depart from the law of nuisance, but also explicitly

18  relied on it in the Porter-Cologne Act . . . .").

19          Here, a disputed issue of fact remains as to whether

20  defendants' acts or omissions were a substantial factor in

21  causing the nuisance or condition of pollution at issue.

22  Defendants' expert, Dr. Love, and plaintiffs' expert, Dr. Farr,

23  disagree as to the extent of defendants' contribution to the

24  pollution at the Site.  While Dr. Farr concludes that defendants'

25  contribution was significant enough to require remediation on its

26  own, independent of any contributions made by prior operators of

27  the Site (<u>see</u> Salazar Decl. Ex. C, Rebuttal Exp. Report of Dr.

28  Farr at 5-13 ("Farr Rebuttal") (Docket No. 206-1)), Dr. Love

1   concludes that defendants' contributions "would have been trivial

2   compared to the numerous years of hazardous materials release

3   from previous Site operations" and "would reasonably be expected

4   to not have, on their own, caused the need for site clean-up"

5   (see Salazar Decl. Ex. B, Exp. Report of Dr. Love at 15 ("Love

6   Report") (Docket no. 206-1)).  Though the court previously

7   assessed the experts' credibility the evidentiary hearing on

8   defendants' divisibility defense under CERCLA, the court made no

9   finding of credibility in the context of issue of causation now

10  before the court.  (See generally Divisibility Order.)

11      Plaintiff's motion for summary judgment on its nuisance

12  and Porter Cologne Act claims must therefore be denied.  See

13  Celotex, 477 U.S. at 322–23.  The court will resolve the

14  credibility of Dr. Love and Dr. Farr as to causation with respect

15  to plaintiffs' claims for nuisance Porter Cologne Water Quality

16  Control Act violation at the time of trial.

17      IT IS THEREFORE ORDERED that plaintiffs' motion for

18  summary judgment (Docket No. 204) be, and the same hereby is,

19  DENIED as to plaintiffs' claims under California public nuisance

20  law and the Porter Cologne Water Quality Control Act.

21  Dated:  October 28, 2020

22  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28