UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CITY OF WEST SACRAMENTO, CALIFORNIA; and PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiffs,<br><br>  v.<br><br>R AND L BUSINESS MANAGEMENT, a California corporation, f/k/a STOCKTON PLATING, INC., d/b/a CAPITOL PLATING INC., a/k/a CAPITOL PLATING, a/k/a CAPITAL PLATING; CAPITOL PLATING, INC., a dissolved California corporation; et al.,<br><br>    Defendants. | No. 2:18-cv-00900 WBS EFB<br><br>AMENDED MEMORANDUM AND ORDER RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON THEIR CLAIMS UNDER THE GATTO ACT AND THE HSAA |

----oo0oo----

    Plaintiffs City of West Sacramento, California and the People of the State of California (collectively, "plaintiffs") brought this action to address toxic levels of soil and groundwater contamination resulting from the release of hazardous substances from a metal plating facility formerly located at 319

1

3rd Street, West Sacramento, California (the "Site").

The court has previously granted summary judgment for plaintiffs on the issue of liability on their claim under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), against defendants R and L Business Management ("R&L"), John Clark, and the Estate of Nick E. Smith (collectively, "defendants"). (Order at 10 (Docket No. 125).) The court has also found that triable issues of material fact remain as to plaintiffs' claims under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 7002(a), California public nuisance law, and the Porter-Cologne Water Quality Control Act, Cal. Water Code § 13304(c). (See id. at 14-16; Docket No. 211.) Additionally, after an evidentiary hearing the court has determined that defendants' contribution to the pollution at the Site is not divisible from the total contamination present at the Site under CERCLA. (See Mem. and Order re: Defendants' Divisibility Defense ("Divisibility Order") (Docket No. 203).) The facts and procedural background of the case have been discussed fully in these prior Orders, and will not be repeated here. (See Docket Nos. 125, 203, 211.)

The remaining motion before the court is plaintiffs' motion for partial summary judgment on their Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA") claim, Cal. Health & Safety Code §§ 25363(d), and on their claim under the Gatto Act, Cal. Health & Safety Code §§ 25403.1, 25403.5 and. (See Pls.' Mot. Partial Summ. J. ("Pls.' Mot.") (Docket No. 204).) On their Gatto Act claim, the City requests a permanent injunction requiring defendants to investigate and clean up

releases of hazardous materials at the Site.  (See id. at 32-35.)

II.    Discussion

    A.    HSAA

The HSAA allows any "person who has incurred response or corrective action costs in accordance with [CERCLA to] seek contribution or indemnity from any person who is liable pursuant to [the HSAA]."  Cal. Health and Safety Code § 25363(d).  For the purposes of the HSAA, a "'responsible party' or 'liable person,' . . . means those persons described in section 107(a) of [CERCLA]."  Id. § 25323(a)(1).  Thus, a cost recovery claim under the HSAA has the same elements as a cost recovery claim under CERCLA.  Orange Cty. Water Dist. v. Alcoa Glob. Fasteners, Inc., 12 Cal. App. 5th 252, 297 (2017); Castaic Lake Water Agency v. Whittaker Corp., 272 F. Supp. 2d 1053, 1084 n.40 (C.D. Cal. 2003) ("HSAA creates a scheme that is identical to CERCLA with respect to who is liable.").

Because the court has already found defendants to be liable under CERCLA § 107 (see Docket No. 125), defendants do not dispute that plaintiffs have satisfied the elements of liability on their claim under the HSAA.  (See Defs.' Opp'n at 2.)  Accordingly, plaintiffs' motion summary judgment on the issue of liability under the HSAA will be granted.  Damages have yet to be determined, and plaintiffs do not seek summary judgment on the amount of damages at this time.

    B.    The Gatto Act

The Gatto Act authorizes California "local agencies," including cities and counties, to investigate and clean up properties within their jurisdiction that have been contaminated

by hazardous materials and to recover the costs of investigation and cleanup from responsible parties. See Cal. Health & Safety Code §§ 25403.1, 25403.5. Section 25403.1 provides local agencies with investigatory and cleanup authority, subject to certain procedural requirements:

> A local agency may, in accordance with this chapter, take any action that the local agency determines is necessary and that is consistent with other state and federal laws to investigate and clean up a release on, under, or from blighted property that the local agency has found to be within a blighted area within the local agency's boundaries due to the presence of hazardous materials following a Phase I or Phase II environmental assessment . . . .

Cal. Health & Safety Code § 25403.1(a)(1)(A).

This section applies "whether the local agency owns that property or not." Id. In other words, without the need for a court order a local agency may enter blighted property that it does not own to investigate and clean up the property so long as (1) the agency provides the owner of the property with 60 days' notice to respond and to propose an investigation and/or cleanup plan, and (2) the owner fails to respond or provides an inadequate response. See id. §§ 25403.1(a)(1)(A), 25403.1(b)(2)(A).

Section 25403.5 further allows local agencies to recover the costs they incur during the investigation and cleanup of a site. See id. § 25403.5. "[I]f a local agency undertakes action to investigate property or clean up, or to require others to investigate or clean up, including compelling a responsible party through a civil injunctive action, a release of hazardous

4

material, the responsible party shall be liable to the local agency for the costs incurred in the action." Id.  Like the HSAA, a "responsible party" for the purposes of the Gatto Act is anyone who qualifies as a responsible party under CERCLA § 107(a).  See id. §§ 25403.5(a), 25403(s), 25323.5(a)(1).

Defendants again concede that they are responsible parties under the Gatto Act § 25403.5 because the court has already found them to be liable under CERCLA §107(a).  (See Defs.' Opp'n at 2; Docket No. 125.)  Defendants also do not dispute that the City has fulfilled the remaining Gatto Act requirements set out in section 25403.1--namely, (1) that "releases" have occurred on the Site, (2) that the City has determined the Site to be a "blighted property" within a "blighted area" within the City's boundaries due to the release of hazardous materials, (3) that the City's determination followed Phase I and Phase II environmental assessments of the Site, and (4) that the City provided defendants with requisite notice to respond and to propose an investigation and/or cleanup plan.  See id. § 25403.1(a)(1)(A).

Therefore, as the court reads the Gatto Act, the City is entitled to enter the Site and take the necessary action to clean up the contamination.  No order of this court is required for the City to do so.  However, the City asks the court to go further and to order defendants to do the investigation and cleanup themselves.  Considering the present posture of this case, the court determines that such an order would be premature and impractical at this time.

District courts have broad discretion "to manage their

own affairs so as to achieve the orderly expeditious disposition of cases." Dietz v. Bouldin, 136 S. Ct. 1885, 1891 (2016) (quoting Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962)); see also Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Though the court has already found defendants to be liable under plaintiffs' CERCLA claim (see Docket No. 125) and this Order finds them to be liable under plaintiffs' HSAA claim, several of plaintiffs' claims remain outstanding, including their claims under RCRA, the Porter-Cologne Water Quality Control Act, California public nuisance law, California trespass law, and for declaratory relief. (See Third Am. Compl. ("TAC") (Docket No. 45); Docket Nos. 125, 203, 211.) For the reasons that follow, the court finds that deferring its determination as to whether the City is entitled to permanent injunctive relief under the Gatto Act until final resolution of those remaining claims will aid in the orderly and expeditious disposition of the case. See Dietz, 136 S. Ct. at 1087.

      Several of plaintiffs' other outstanding claims also seek some form of permanent injunctive relief requiring defendants to investigate and clean up the Site. (See TAC ¶ 85 ("The City is entitled to injunctive relief under RCRA § 7002(a), 42 U.S.C. § 6972(a), compelling each defendant jointly and severally to conduct a complete, timely, and appropriate investigation and abatement of all actual and potential endangerments arising from the presence of the Contaminants in the environment at the Site, and to obtain regulatory closure of the Site."); id. ¶ 144 ("Plaintiffs are entitled to injunctive relief compelling defendants jointly and severally, promptly and

competently to take such action as may be necessary to abate the public nuisance at the Site and to obtain regulatory closure of the Site."); id. ¶ 157 ("The City is entitled to injunctive relief compelling the defendants jointly and severally, promptly and competently to take such action as may be necessary to abate the trespass . . . .").)

Because injunctive relief "must be narrowly tailored to remedy the specific harm shown," City and Cty. of San Francisco v. Trump, 897 F.3d 1225, 1244 (9th Cir. 2018) (quoting Bresgal v. Brock, 843 F.2d 1163, 1170-71 (9th Cir. 1987)), the precise nature and extent of injunctive relief to which plaintiffs are entitled will depend on which, if any, of those claims are successful.[1]

For example, RCRA § 7002(a) authorizes an injunction where a plaintiff can successfully show that a defendant was a past or present generator of hazardous waste, contributed to the handling, storage, treatment, or disposal of hazardous waste, and that the hazardous waste "may present an imminent and substantial endangerment to health or the environment." See 42 U.S.C. § 6792(a); Meghrig v. KFC W., Inc., 516 U.S. 479, 484 (1996); LAJIM, LLC v. Gen. Elec. Co., 917 F.3d 933, 943 (7th Cir. 2019). California public nuisance law also authorizes injunctive relief to abate a nuisance--i.e., something that is "injurious to health" or "offensive to the senses"--where a plaintiff can show that a defendant was a substantial factor in causing the

---

[1] The court expresses no opinion in this Order as to the merits of any of plaintiffs' claims beyond their Gatto Act and HSAA claims.

7

1 nuisance, that the nuisance is "substantial and unreasonable,"
2 and that the nuisance affects an entire community or neighborhood
3 at the same time.  See Cty. of Santa Clara v. Atl. Richfield Co.,
4 137 Cal. App. 4th 292, 306 (2006); Cal. Code Civ. P. § 731.

5       Thus, if defendants are found to be liable under RCRA
6 § 7002(a), and the court finds that injunctive relief is
7 warranted, the court will have to shape any injunctive relief to
8 account for the "imminent and substantial endangerment" that the
9 hazardous waste at the Site poses to health or the environment.
10 See 42 U.S.C. § 6792(a); San Francisco, 897 F.3d at 1244.  But if
11 defendants are also found to be liable under public nuisance law,
12 the injunction may take a different form, as the court will have
13 to ensure that the Site is remedied to the point that conditions
14 there are no longer "substantial and unreasonable" or "injurious
15 to health or offensive to the senses."  Santa Clara, 137 Cal.
16 App. 4th at 306.

17       Because plaintiffs' remaining claims have the potential
18 to alter the scope and extent of any eventual injunctive relief
19 in this way, the court finds that, regardless of whether the City
20 is entitled to an injunction under the Gatto Act,[2] issuing a

---

[2] Whether the Gatto Act authorizes suits for injunctive relief is not entirely clear.  Section 25323.5 of the Act contemplates that, in instances where a local agency "undertakes action to investigate property or clean up, or to require others to investigate or clean up, including compelling a responsible party through a civil injunctive action, a release of hazardous material, the responsible party shall be liable to the local agency for the costs incurred in the action."  See Cal. Health & Safety Code §§ 25323.5(a).  One California Court of Appeals has held that similar language contained in the Polanco Redevelopment Act, when read in concert with language authorizing redevelopment agencies to take "any action" necessary to remove hazardous substances from properties within a redevelopment project area,

permanent injunction prior to final judgment would be premature. Cf. Lincoln Props., Ltd. v. Higgins, No. S-91-760 DFL GGH, 1993 WL 217429 at *16 (E.D. Cal. Jan. 21, 1993) (stating that, although plaintiff was entitled to injunctive relief under RCRA and public nuisance law at summary judgment stage, "[t]he precise nature and scope of injunctive relief shall be determined, and the injunction shall issue, at a later date").

Moreover, issuing permanent injunctive relief at this

---

authorized redevelopment agencies to seek injunctive relief requiring responsible parties to clean up hazardous substances on property within a redevelopment project area. See Redev. Agency of San Diego v. San Diego Gas & Elec. Co., 111 Cal. App. 4th 912, 920 (2003). This interpretation may also apply to the language in the Gatto Act, inasmuch as the California Legislature has declared the Gatto Act to be the "policy successor to the Polanco Redevelopment Act" and "that any judicial construction or interpretation of the Polanco Redevelopment Act also apply to [the Gatto Act]." Cal. Health & Safety Code § 25403.8.

On the other hand, plaintiffs do not point to, and the court is not aware of, any case in which a local agency has obtained an injunction under the Gatto Act compelling a responsible party to investigate or clean up a site contaminated with hazardous materials. The Act's text and structure seem overwhelmingly concerned with authorizing local agencies to investigate, clean up, and recover costs for contaminated sites themselves. See Cal. Health & Safety Code § 25403.1-25403.5. For instance, the Act imposes a number of detailed requirements on local agencies to ensure that their investigations and/or cleanups receive California Department of Toxic Substances Control ("DTSC") or the appropriate regional water board approval. See, e.g., id. § 25403.1(a)(2)(B) (requiring that the local agency "submit an investigation plan and cost recovery agreement to the regional board or the department for review and approval" before taking action to clean up the release); § 25403.1(a)(2)(C) ("After completion of the investigation plan, have a cleanup plan prepared by a qualified independent contractor."). These requirements would seem to be superfluous if local agencies were simply entitled to injunctive relief compelling responsible parties to investigate and clean up the site instead of the agency. However, the court does not resolve that issue at this time.

1 | juncture would be inconsistent with Orders previously issued by
2 | the court pertaining to plaintiffs' CERCLA § 107 claim.  (See
3 | Docket Nos. 125, 203).  Since the court has already found
4 | defendants to be jointly and severally liable for plaintiffs'
5 | necessary response costs under CERCLA § 107 (see id.), this Order
6 | finds that the defendants are also liable under the HSAA, and the
7 | City has its remedies under the Gatto Act, the City will be
8 | entitled to enter the Site, perform its own investigation and
9 | cleanup, and to recover the resulting costs from defendants.  See
10 | 42 U.S.C. § 9607(a); Cal. Health & Safety Code §§ 25363(d),
11 | 25403.5.  Either the City should do the cleanup or the defendants
12 | should; to have both of them doing it at the same time would
13 | potentially lead to chaos.  This potential conflict would more
14 | appropriately be resolved at the time of final judgment, when the
15 | precise scope of the plaintiffs' remedy under CERCLA and their
16 | other claims are determined after hearing.
17 |             IT IS THEREFORE ORDERED that plaintiffs' motion for
18 | summary judgment on the issue of liability on their claim under
19 | the Carpenter-Presley-Tanner Hazardous Substance Account Act,
20 | Cal. Health & Safety Code §§ 25363(d), is hereby GRANTED;
21 |             AND IT IS FURTHER ORDERED that plaintiffs' motion for
22 | summary judgment on their claim for violation of the Gatto Act,
23 | Cal. Health & Safety Code §§ 25403.1, 25403.5, is hereby DENIED.
24 | Dated:  December 15, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

10