UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CITY OF WEST SACRAMENTO, CALIFORNIA; and PEOPLE OF THE STATE OF CALIFORNIA,, <br><br> Plaintiff, <br><br> v. <br><br> R AND L BUSINESS MANAGEMENT, a California corporation, f/k/a STOCKTON PLATING, INC., d/b/a CAPITOL PLATING INC., a/k/a CAPITOL PLATING, a/k/a CAPITAL PLATING; CAPITOL PLATING, INC., a dissolved California corporation; JOHN CLARK, an individual; ESTATE OF NICK E. SMITH, DECEASED; et al., <br><br> Defendant. | No. 2:18-cv-00900 WBS EFB <br><br><br> ORDER RE EQUITABLE APPORTIONMENT |

----oo0oo----

A Final Pretrial Conference was held in this matter, pursuant to the provisions of Rule 16(d) of the Federal Rules of Civil Procedure and Local Rule 282, on January 4, 2021.  Based on

1

a disagreement between the parties at the conference, the court directed the parties to file briefs as to the following issue in its Final Pretrial Order:

> whether, during a trial solely of the claims brought by plaintiffs against defendants (i.e., excluding the third-party claims under CERCLA § 113(f) for contribution brought by third-party plaintiffs and third party defendant), the court will have to consider the question of how to equitably apportion cleanup costs between the defendants and all other parties, including predecessors at the Site and third-party defendant County of Yolo.

(Docket No. 233.)

On January 14, 2021, defendants R and L Business Management ("R&L"), John Clark ("Clark"), and the Estate of Nick E. Smith ("Smith") (collectively, "defendants"), as well as third-party defendant County of Yolo ("Yolo County"), filed their briefs. (See Defs.' Brief (Docket No. 241); Yolo County's Brief (Docket No. 242).) On January 21, 2021, plaintiffs City of West Sacramento ("the City") and the people of the State of California (collectively, "plaintiffs") filed their response brief. (See Docket No. 248.) The court heard arguments on the issue on January 26, 2021. Based on the parties' briefs and oral argument, the court orders as follows:

I. Equitable Apportionment under CERCLA § 107

CERCLA is a comprehensive environmental statute that, among other things, grants the federal government, states, and private parties the ability to recover response costs expended in cleaning up hazardous waste sites. See Arizona v. City of Tucson, 761 F.3d 1005, 1010-11 (9th Cir. 2014). Two separate provisions of CERCLA, § 107 and § 113, provide parties with an

avenue to recoup CERCLA-related costs.  See United States v. Atl. Research Corp., 551 U.S. 128, 131 (2007).  Parties who are not themselves liable or potentially liable for response costs under § 107(a) of CERCLA can bring a cost recovery action directly under § 107(a) against certain classes of potentially responsible parties.  See Redwing Carriers, Inc. v. Saraland Apartments, 94 F.3d 1489, 1513 (11th Cir. 1996).  Section 107 thus provides a "right to cost recovery."  Atl. Research, 551 U.S. at 131.  Section 113, by contrast, provides a separate right to contribution.  Id.  "Contribution is defined as the 'tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his or her proportionate share, the shares being determined as a percentage of fault.'"  Id. (quoting Black's Law Dictionary 353 (8th ed.2004)).

Accordingly, as the Supreme Court has recognized, Sections 107(a) and 113(f) "provide two 'clearly distinct' remedies," id. (quoting Cooper Indus., Inc. v. Aviall Servs., Inc., 543 U.S. 157, 163 n.3 (2004)), which impose separate forms of liability and are subject to separate defenses.  Section 107 imposes strict liability on "responsible parties," which are set forth in four enumerated categories in subsection (a).  Arizona, 761 F.3d at 1011; see also 42 U.S.C. § 9607(a)(1)-(4).  Liability under § 107(a) is generally joint and several, "except in the rare cases where the environmental harm to a site is shown to be divisible."  Pakootas v. Teck Cominco Metals, Ltd., 905 F.3d 565, 588 (9th Cir. 2018).  Thus, if a responsible party can prove by a preponderance of the evidence that the environmental harm is "theoretically capable of apportionment" and that a "reasonable

3

basis" on which to apportion liability exists, the court can apportion liability based on concepts derived from the Restatement (Second) of Torts.  See id. (quoting Burlington N. & Santa Fe Ry. Co. v. United States, 556 U.S. 599, 613-14 (2009)); see also Burlington, 556 U.S. at 613-14 ("Congress intended the scope of liability [under § 107(a)] to be determined from traditional and evolving principles of common law." (internal citation omitted)).

Even if a responsible party under § 107(a) cannot establish that the harm is divisible, it can still avoid liability if it can establish one or more of three affirmative defenses enumerated in § 107(b): (1) an act of God, (2) an act of war, or (3) "an act or omission of a third party other than an employee or agent of the defendant . . . ."[1]  42 U.S.C. § 9607(b).  Relying on prefatory language contained in § 107(a), that responsible parties shall be held liable "Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section," 42 U.S.C. § 9607(a) (emphasis added), several courts of appeals have held that, "[b]y its terms . . . [§ 107(b)] set[s] forth the universe of defenses to section 107 liability." Velsicol Chem. Corp. v. Enenco, Inc., 9 F.3d 524, 530 (6th Cir. 1993); Gen. Elec. Co. v. Litton Indus. Automation Sys., Inc., 920 F.2d 1415, 1418 (8th Cir. 1990), overruled on other grounds by Key Tronic Corp. v. United States, 511 U.S. 809 (1994).  In other words, § 107(a)

---

[1] Subsection (b) also provides that "any combination of" these three defenses may be invoked as a defense.  42 U.S.C. § 9607(b)(4).

liability is limited only by causation-based defenses, and "non-enumerated equitable defenses" to liability are not proper. Velsicol, 9 F.3d at 530; see also Gen. Elec., 920 F.2d at 1418 (holding that defense of unclean hands was not available as defense to § 107 liability).

By contrast, "a contribution claim under § 113(f) is a means of equitably allocating response costs among responsible or potentially responsible parties." Redwing Carriers, 94 F.3d at 1513-14. "Whereas joint and several liability is the rule for defendants in actions under § 107(a), courts in contribution cases may 'allocate response costs among liable parties.'" Id. (quoting 42 U.S.C. § 9613(f)(1)). Courts have routinely held, therefore, that causation-based defenses to liability, such a divisibility, are only appropriate under § 107(a) claims, while equitable considerations are only appropriate under § 113(f) claims. See id.; Velsicol, 9 F.3d at 530.

Here, the court has already found defendants to be liable under § 107(a) on summary judgment (see Docket No. 125), and has rejected defendants' request for a finding of divisibility. (See Docket No. 203.) All parties agree that defendants are jointly and severally liable for the City's response costs under § 107(a), see Pakootas 905 F.3d at 588, and concur in their briefing that the court need not consider equitable factors when determining the amount of response costs to which the City is entitled under § 107(a) at the March 9, 2021 trial. In light of the parties' agreement, and in light of the fact that only the City's claim under § 107(a) against defendants will be at issue at the trial (as defendants' and Yolo County's

claims under § 113(f) will be tried separately, at a future date), the court finds that it need not consider equitable apportionment when determining what response costs the City is entitled to under its CERCLA § 107(a) claim against defendants. See Velsicol, 9 F.3d at 530; Redwing Carriers, 94 F.3d at 1513-14.

II. Equitable Apportionment under the HSAA

"The HSAA is California's counterpart to [CERCLA]." Orange Cty. Water Dist. v. Alcoa Glob. Fasteners, Inc., 12 Cal. App. 5th 252, 297 (2017). As such, the HSAA expressly "adopts CERCLA's standards for determining liability: 'Responsible party' or 'liable person,' for the purposes of this chapter, means those persons described in Section 107(a) of the federal act (42 U.S.C. Sec. 9607(a))." Id. (quoting Cal. Health & Safety Code § 25323.5(a)(1)); Castaic Lake Water Agency v. Whittaker Corp., 272 F. Supp. 2d 1053, 1084 n.40 (C.D. Cal. 2003) ("HSAA creates a scheme that is identical to CERCLA with respect to who is liable.").

However, as Yolo County points out in its brief, "unlike liability under CERCLA [§ 107(a)], liability under HSAA is not truly joint and several." Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 946 (9th Cir. 2002) (quoting Bancroft-Whitney, California Civil Practice, Environmental Litigation § 3:85 (1993)). Pursuant to HSAA § 25363(a), "[a]ny person found liable for costs under [] HSAA who establishes by a preponderance of the evidence that only a portion of those costs or expenditures are attributable to that person's actions will be required to pay only for that portion." Id. "[I]f the trier of

6

fact finds the evidence insufficient to establish each party's portion of costs under subdivision (a), the court shall apportion those costs, to the extent practicable, according to equitable principles, among the defendants." Cal. Health & Safety Code § 25363(b). "Liability under HSAA is therefore apportioned according to fault." Fireman's Fund, 302 F.3d at 946.

Here, the court has already found each of the three defendants--R&L, Clark, and Smith--to be liable for the City's response costs under the HSAA. (See Docket No. 225.) Since this liability is not "truly joint and several," as it is under CERCLA § 107(a), the HSAA may require the court to apportion costs among these three defendants according to equitable principles (if no defendant can prove by a preponderance of the evidence that it is only responsible for a portion of the City's costs). See Cal. Health & Safety Code § 25363(a)-(b).

Therefore, at the March 9, 2021 trial of plaintiffs' claims against defendants, the court will not consider the question of how to equitably apportion response costs between the defendants or any other party, including predecessors at the Site and Yolo County, under the City's CERCLA § 107(a) claim. The court will, however, consider equitable apportionment among named defendants under the City's HSAA claim.

IT IS SO ORDERED.

Dated: January 26, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE