UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CITY OF WEST SACRAMENTO, CALIFORNIA; and PEOPLE OF THE STATE OF CALIFORNIA,, <br><br> Plaintiff, <br><br> v. <br><br> R AND L BUSINESS MANAGEMENT, a California corporation, f/k/a STOCKTON PLATING, INC., d/b/a CAPITOL PLATING INC., a/k/a CAPITOL PLATING, a/k/a CAPITAL PLATING; CAPITOL PLATING, INC., a dissolved California corporation; JOHN CLARK, an individual; ESTATE OF NICK E. SMITH, DECEASED; et al., <br><br> Defendant. | No. 2:18-cv-00900 WBS EFB <br><br><br> <u>ORDER RE ARROWOOD INDEMNITY COMPANY'S MOTION TO INTERVENE</u> |

----oo0oo----

Plaintiffs City of West Sacramento, California ("the City") and the People of the State of California (collectively, "plaintiffs") brought this action against R and L Business

1

Management ("R&L"), John Clark, and the Estate of Nick E. Smith (collectively, "defendants") to address toxic levels of soil and groundwater pollution resulting from the release of hazardous substances at a property once occupied by a metal plating facility. Plaintiffs' lawsuit involves contamination at the property located at 319 3rd Street in West Sacramento, California (the "Site").

Plaintiffs filed their original complaint in April 2018. (See Docket No. 1.) Now, almost three years later, and just six weeks before trial is set to begin, defendants' insurer, Arrowood Indemnity Company ("Arrowood"), has filed a motion to intervene as a matter of right under Rule 24(a) or, in the alternative, to permissively intervene under Rule 24(b). (See Mot. to Intervene (Docket No. 244).)

I. Factual and Procedural Background

Plaintiffs commenced this action against defendants on April 12, 2018, asserting claims against defendants under CERCLA § 107(a), the Porter-Cologne Water Quality Control Act, and California public nuisance law, as well as other claims that are not relevant to the instant motion.[1] (See Docket No. 1.)

Plaintiffs first filed for summary judgment against defendants on August 28, 2019. (See Docket No. 95.) The court granted plaintiffs' motion as to their CERCLA § 107(a) claim, holding that defendants were liable to the City for its response costs at the Site. (See Docket No. 125.) The court then held a

---

[1] The operative complaint in this matter is Plaintiffs' Third Amended Complaint. (Docket No. 45.) The Third Amended Complaint contains the same claims against defendants that are specified above. (See id.)

2

status conference on January 21, 2020, at which it discussed scheduling an evidentiary hearing on the defendants' affirmative defense of divisibility. (Docket No. 129.) At the hearing, counsel for plaintiffs agreed to dismiss their claims for trespass and ultrahazardous activity, as well as their prayer for damages under their public nuisance claim. (Id.)

The court conducted a three-day evidentiary hearing regarding divisibility in August 2020. (See Docket Nos. 190-93.) Following the hearing, the court held that the harm to the site was not divisible, and that each defendant was jointly and severally liable for the City's response costs under CERCLA § 107(a). (See Docket No. 203.)

Plaintiffs then filed for summary judgment on their public nuisance and Porter-Cologne Water Quality Control Act claims. (Docket No. 204.) The court denied plaintiffs' motion on October 29, 2020. (Docket No. 211.) Following the close of discovery and the dispositive motion cutoff, the court held a pretrial conference on January 4, 2021 (Docket No. 232), and issued a Final Pretrial Order on January 5, 2021 (Docket No. 233).

Arrowood moved to intervene on January 20, 2021. (See Mot. to Intervene.) Arrowood contends that it must be permitted to intervene to contest evidence introduced by the parties at trial--either by cross-examining the parties' witnesses or by introducing its own evidence--that could prejudice its ability to disclaim coverage under the insurance policy issued by Arrowood's predecessor to defendants. Under the policy, coverage only exists for property damage caused by hazardous substances if the

release of those substances was "sudden and accidental." (See Mot. to Intervene at 8-10; Decl. of Kevin Keyes ("Keyes Decl.") at ¶¶ 3-4 (Docket No. 244-1).) Arrowood argues that, if it is not permitted to intervene, the court could make findings at trial that would impair Arrowood's ability to argue in future proceedings that releases at the Site were not "sudden and accidental." (See generally Mot. to Intervene.)

Because the hearing on Arrowood's motion was scheduled for February 22, 2021, and the trial date between plaintiffs and defendants in this action is scheduled for March 9, 2021, Arrowood also filed an ex parte application to shorten time on its motion, which the court granted. (See Docket Nos. 246, 247.) The court ordered the parties to file responsive briefs, if any, no later than close of business on January 25, 2021. (Docket No. 247.) Plaintiffs timely filed an opposition to Arrowood's motion on January 25, 2021. (Pls.' Opp'n (Docket No. 249).) Third-party defendant County of Yolo ("Yolo County") filed a short opposition later that same evening, in which they largely adopted plaintiffs' arguments. (See Yolo County's Opp'n (Docket No. 250).) Defendants did not file any response.

II. Discussion

    A.  Rule 24(a)

Rule 24 traditionally receives liberal construction in favor of applicants for intervention. Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003) (citing Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998)). An applicant seeking to intervene as of right under Rule 24 has the burden of demonstrating that four requirements are met:

4

>              (1) the intervention application is timely;
>              (2) the applicant has a significant
>              protectable interest relating to the
>              property or transaction that is the subject
>              of the action; (3) the disposition of the
>              action may, as a practical matter, impair or
>              impede the applicant's ability to protect
>              its interest; and (4) the existing parties
>              may not adequately represent the applicant's
>              interest.

Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893, 897 (9th Cir. 2011).

The first factor, timeliness, is 'the threshold requirement' for intervention as of right," and "if [the court] find[s] 'that the motion to intervene was not timely, [it] need not reach any of the remaining elements of Rule 24.'" League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997).  In determining whether a motion to intervene is timely, the court weighs "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reasons for any delay in moving to intervene." Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 836 (9th Cir. 1996).

Arrowood argues that the first two Glickman factors are "neutral" as to intervention because (1) discovery is closed, (2) the parties only intend to call witnesses at trial who already testified at the court's August hearing on divisibility, and (3) Arrowood does not seek to continue trial.  (See Mot. to Intervene at 12-13.)  Arrowood further argues that the third Glickman factor weighs in favor of granting intervention because the necessity of its intervention has only become apparent since the court issued its Final Pretrial Order on January 5, 2021.  (See

5

1  id.)

2     Arrowood points to two decisions in the court's Final
3  Pretrial Order as prompting its need to intervene in the case.
4  First, Arrowood contends that, until the court indicated in the
5  Order that the causation elements of plaintiffs' claims under the
6  Porter-Cologne Water Quality Control Act and California public
7  nuisance law would be at issue at trial, it "remained unclear . .
8  . if plaintiffs would proceed with the claims necessitating proof
9  on the cause of the property damage."  (Id. at 13.)  Because
10 trial of the causation elements of plaintiffs claims will
11 implicate "which entity deposited hazardous chemicals on site and
12 the manner in which the deposit occurred," Arrowood argues that
13 it must be allowed to intervene to challenge any evidence
14 introduced by the parties that would tend to show that the
15 releases of hazardous materials at the Site were "sudden and
16 accidental."  (Id.)

17    Second, Arrowood argues that, once the court determined
18 in its Final Pretrial Order that the March 9, 2021 trial would
19 proceed as a bench trial, rather than before a jury, the risk
20 that defendants would suffer prejudice from their insurer's
21 participation in the underlying action was reduced, as there
22 would be no risk of jury confusion based on the insurer's
23 presence.  See id. (citing Shasta Linen Supply, Inc. v. Applied
24 Underwriters Inc., No. 2:16-cv-158 WBS AC, 2019 WL 3244487, at *3
25 (E.D. Cal. Apr. 17, 2019) (holding that there was "no risk of
26 jury confusion or prejudice" when consolidating cases for purpose
27 of trial because the cases would be tried as a bench trial)).

28    Notwithstanding Arrowood's arguments, it is apparent

that Arrowood's motion was untimely.  This case has been pending for almost three years.  See Wilson, 131 F.3d at 1302 (when considering timeliness, the court "must bear in mind that any substantial lapse of time weighs heavily against intervention").  Arrowood seeks to intervene on the eve of trial.  Discovery has long since closed, the deadline for filing dispositive motions has passed, and the court has already ruled on multiple motions for summary judgment, conducted a pretrial conference, and issued a Final Pretrial Order.  (See Docket Nos. 54, 125, 211, 225, 233.)

"The crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties."  Smith v. Los Angeles Unified School District, 830 F.3d 843, 857 (9th Cir. 2016).  Arrowood has been aware of this lawsuit and its claimed interest in the suit since at least October 27, 2017, when plaintiffs sent Arrowood notice that they would be filing suit 90 days later.  (See Decl. of Bret A. Stone ("Stone Decl.") ¶ 3 (Docket No. 249).)  After filing the action, plaintiffs served the summons and complaint on Arrowood, and, on June 14, 2019, plaintiffs served a subpoena on Arrowood, to which it responded.  (See id. at ¶¶ 4-5.)  As plaintiffs and Yolo County point out, plaintiffs' claims have involved the elements of causation which Arrowood claims form the basis of its need to intervene since plaintiffs' complaint was first filed.  (See Docket Nos. 1, 34, 45; Pls.' Opp'n at 9; Yolo County's Opp'n at 3.)

Arrowood acknowledges that it has fully defended R&L,

7

1  Clark, and Smith in connection with this action, subject to a
2  reservation of rights, including paying for independent counsel
3  selected by the defendants.  (See Keyes Decl. at ¶¶ 5-6.)
4  Arrowood has therefore been kept apprised of significant
5  developments in the case, including the occurrence of the court's
6  divisibility hearing in August 2020 and the court's denial of
7  plaintiffs' second Motion for Summary Judgment on October 29,
8  2020.  (See Docket Nos. 200-202, 211.)  Arrowood does not
9  adequately explain why it failed to intervene prior to the
10 divisibility hearing, when "evidence related to the manner of
11 defendants' release of chemicals [was] virtually certain to
12 become part of the record" (Mot. to Intervene at 13), nor does it
13 adequately explain why it failed to intervene for months after
14 the court denied plaintiffs' second MSJ--the date when it became
15 apparent that plaintiffs' nuisance and Porter-Cologne Act claims
16 would be proceeding to trial (absent settlement).  See Smith, 830
17 F.3d at 857.

18       Arrowood also does not explain why it waited a year to
19 move to intervene following the court's January 22, 2020 Order,
20 in which the court stated that, in light of plaintiffs agreement
21 to dismiss certain claims, "there are no issues remaining to be
22 decided by a jury."  (Docket No. 129.)  Though the court did not
23 formally rule that it would separately try the claims between
24 defendants and Yolo County--some of which will require a jury
25 trial--until the Final Pretrial Order, Arrowood should have at
26 least known as of January 22, 2020 that there was a probability
27 that the trial between plaintiffs and defendants would proceed as
28 a bench trial.  The court is therefore not convinced that the

8

1  need for Arrowood's intervention only became apparent once the
2  court issued its Final Pretrial Order.  See Smith, 830 F.3d at
3  857.
4         Furthermore, allowing Arrowood to intervene for the
5  purposes outlined in its motion would prejudice the parties by
6  requiring them to alter their trial preparation just a few weeks
7  before trial is scheduled to begin.  It would also detract from
8  the broader progress being made toward meeting the deadlines and
9  expectations already set by the court--namely, the plaintiffs'
10 and Yolo County's forthcoming good faith settlement motion and
11 the parties' Settlement Conference on February 11, 2020.  (See
12 Pls.' Opp'n at 8; Yolo County's Opp'n at 3-4.)
13         In conclusion, even in light of the "liberal
14 construction" applied to Rule 24(a) in favor of applicants for
15 intervention, see Arakaki, 324 F.3d at 1083, Arrowood has not met
16 its burden of showing that its motion to intervene was timely
17 filed.  Arrowood has failed to provide the court with a
18 convincing reason for its delay, and failed to show that the
19 parties' ability to prepare for trial would not be prejudiced by
20 intervention at this late stage.  The court therefore finds that
21 Rule 24(a)'s timeliness factor counsels against granting
22 intervention as a matter of right.  See Glickman, 82 F.3d at 836.
23 Accordingly, the court will deny Arrowood's motion to intervene
24 under Rule 24(a), and need not address the remaining requirements
25 for intervention under the Rule.  See Wilson, 131 F.3d at 1302.
26    B.   Rule 24(b)
27         "Permissive intervention to litigate a claim on the
28 merits under Rule 24(b) requires (1) an independent ground for

jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Beckman, 966 F.2d at 473.

In determining timeliness under Rule 24(b), the court considers "precisely the same three factors--the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay--that [it considers] in determining timeliness under Rule 24(a)(2)." Wilson, 131 F.3d at 1308. In the context of permissive intervention, however, the court "analyze[s] the timeliness element more strictly than . . . with intervention as of right." Id.

Therefore, because Arrowood's motion was untimely under Rule 24(a), it follows that it was untimely under Rule 24(b). See id. Accordingly, the court will deny Arrowood's motion to intervene under Rule 24(b) as well.

Nevertheless, due to concerns that the court may, in Arrowood's absence, incidentally make findings during the trial that could prejudice Arrowood's ability to prove in a later proceeding that releases at the Site were not "sudden and accidental," the court will allow Arrowood's counsel to appear and participate at trial on a limited basis. Arrowood will not be permitted to participate as a party by introducing its own evidence, calling witnesses, cross-examining the parties' witnesses, or otherwise disrupting or delaying the trial proceedings. However, the court will allow Arrowood's counsel to be virtually present during the proceedings and to address the court at times which do not interfere with the progress of the trial, in order to ensure the court does not make findings that

1 | would prejudice his client in a future coverage dispute,
2 | including objecting to any proposed findings bearing on the
3 | nature of releases of hazardous substances at the Site.
4 |          IT IS THEREFORE ORDERED that Arrowood's Motion to
5 | Intervene (Docket No. 244) be, and the same hereby is, DENIED.
6 | Arrowood will be permitted, however, to appear at trial and
7 | participate pursuant to the limited conditions described above.
8 | Dated:   January 27, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

11