UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF WEST SACRAMENTO, CALIFORNIA; and PEOPLE OF THE STATE OF CALIFORNIA,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>R AND L BUSINESS MANAGEMENT, a California corporation, f/k/a STOCKTON PLATING, INC., d/b/a CAPITOL PLATING, INC., a/k/a CAPITOL PLATING, a/k/a CAPITAL PLATING; CAPITOL PLATING, INC., a dissolved California corporation; *et al.*,<br><br>*Defendants*.<br><br>AND RELATED CLAIMS. | Case No. 2:18-cv-00900-WBS-JDP<br><br>**STIPULATED JUDGMENT** |

Plaintiffs CITY OF WEST SACRAMENTO, CALIFORNIA (the "City") and PEOPLE OF THE STATE OF CALIFORNIA (the "People") (collectively the "Plaintiffs" or "the City and the People") and Defendants R AND L BUSINESS MANAGEMENT, formerly known as Stockton Plating, Inc. ("R&L"), JOHN CLARK ("Clark"), and ESTATE OF NICK SMITH, DECEASED ("Estate of Smith"), (collectively, "Defendants") (Plaintiffs and Defendants collectively, "Parties") have agreed to resolve the remaining issues between them in this action and have

agreed to entry by the Court of this Stipulated Judgment.

THEREFORE, pursuant to the stipulation of and on the joint motion of the Parties, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

Plaintiff the City filed suit alleging claims under the Resource Conservation & Recovery Act ("RCRA") § 7002(a)(1)(B), 42 U.S.C. § 6972, the Comprehensive Environmental Response, Compensation & Liability Act ("CERCLA") § 107(a), 42 U.S.C. § 9607(a), the Gatto Act, Cal. Health & Saf. Code §§ 25403.1, 25403.5, the Porter-Cologne Water Quality Control Act ("Porter-Cologne Act"), Cal. Wat. Code § 13304(c), statutory indemnity pursuant to the Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA"), Cal. Health & Saf. Code § 26363(d), and declaratory relief under CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), and the Declaratory Judgment Act, 28 U.S.C. § 2201.[1] Plaintiffs also allege claims for abatement of a public nuisance pursuant to Cal. Civ. Code §§ 3479, 3480, 3483, 3491(2) and Cal. Civ. Proc. Code § 731.  Former defendants Richard Leland and Sharon Leland (now deceased) were dismissed from the case following motions pursuant Fed. R. Civ. P. 12(b)(6) which the Court granted.  (ECF Nos. 18, 44.)   The Third Amended Complaint (ECF No. 45) is Plaintiffs' operative complaint.

Plaintiffs' suit relates to contamination at and emanating from a 0.3 acre parcel of real estate located at 319 3rd Street, West Sacramento, California, identified by Assessor's Parcel Number 010-371-03-01 (the "Property" and the entire area of contamination at and emanating from the Property is referred to as the "Site").

Plaintiffs filed a motion for partial summary judgment on the issue of liability on the RCRA, CERCLA, Gatto Act, public nuisance, and declaratory relief claims against Defendants. The Court granted Plaintiffs' motion in part and denied it in part. The Court's ruling and analysis are set forth in its order (ECF No. 125), which is attached hereto as Exhibit A and incorporated herein by reference as though stated in full.

The Court then held an evidentiary hearing on Defendants' divisibility defense to joint and

---

[1] The City voluntarily dismissed its claims for ultrahazardous activity and trespass. In addition, the City and the People voluntarily dismissed their prayer for damages on their public nuisance claim.

several liability under CERCLA. After that hearing, the Court found that Defendants had not met their burden to prove that the contamination was divisible and that Defendants were therefore jointly and severally liable for the contamination at the Site. The Court's ruling and analysis are set forth in its order (ECF No. 203), which is attached hereto as Exhibit B and incorporated herein by reference as though stated in full.

Plaintiffs then filed a second motion for partial summary judgment against Defendants. With that motion, the City sought summary judgment as to liability on its Gatto Act claim against R&L and Estate of Smith and on its Porter-Cologne Act, public nuisance, HSAA, and declaratory relief claims against Defendants, and the People sought summary judgment as to liability on their sole cause of action—the public nuisance claim—against Defendants. The Court granted Plaintiffs' motion in part and denied it in part. The Court's ruling and analysis are set forth in its orders (ECF Nos. 211 and 225), which are attached hereto as Exhibits C and D and incorporated herein by reference as though stated in full.

The Court subsequently entered an Amended Pretrial Order, which set out the issues left to be tried: the element of causation on the City's Porter-Cologne Act claim and Plaintiffs' public nuisance claims against Defendants; the imminent and substantial endangerment element on the City's RCRA claim against R&L and Estate of Smith; the amount of response costs that the City is entitled to recover from Defendants under CERCLA, the HSAA, the Porter-Cologne Act, and the Gatto Act; and the form of injunctive relief, if any, against Defendants that Plaintiffs may be entitled to under California public nuisance law and that the City may be entitled to under RCRA and the Gatto Act. The Court's order (ECF No. 252) is attached hereto as Exhibit E and incorporated herein by reference as though stated in full.

To avoid the time and expense of trial on the remaining issues cited above and to facilitate the final resolution of this action, the Parties stipulate, through their counsel, to entry of the following findings:

The conditions at the Site present or may present an imminent and substantial endangerment to health or the environment.

Defendants' conduct was a substantial factor in causing the nuisance and condition of

-3-    2:18-cv-00900-WBS-JDP
STIPULATED JUDGMENT

several liability under CERCLA. After that hearing, the Court found that Defendants had not met their burden to prove that the contamination was divisible and that Defendants were therefore jointly and severally liable for the contamination at the Site. The Court's ruling and analysis are set forth in its order (ECF No. 203), which is attached hereto as Exhibit B and incorporated herein by reference as though stated in full.

Plaintiffs then filed a second motion for partial summary judgment against Defendants. With that motion, the City sought summary judgment as to liability on its Gatto Act claim against R&L and Estate of Smith and on its Porter-Cologne Act, public nuisance, HSAA, and declaratory relief claims against Defendants, and the People sought summary judgment as to liability on their sole cause of action—the public nuisance claim—against Defendants. The Court granted Plaintiffs' motion in part and denied it in part. The Court's ruling and analysis are set forth in its orders (ECF Nos. 211 and 225), which are attached hereto as Exhibits C and D and incorporated herein by reference as though stated in full.

The Court subsequently entered an Amended Pretrial Order, which set out the issues left to be tried: the element of causation on the City's Porter-Cologne Act claim and Plaintiffs' public nuisance claims against Defendants; the imminent and substantial endangerment element on the City's RCRA claim against R&L and Estate of Smith; the amount of response costs that the City is entitled to recover from Defendants under CERCLA, the HSAA, the Porter-Cologne Act, and the Gatto Act; and the form of injunctive relief, if any, against Defendants that Plaintiffs may be entitled to under California public nuisance law and that the City may be entitled to under RCRA and the Gatto Act. The Court's order (ECF No. 252) is attached hereto as Exhibit E and incorporated herein by reference as though stated in full.

To avoid the time and expense of trial on the remaining issues cited above and to facilitate the final resolution of this action, the Parties stipulate, through their counsel, to entry of the following findings:

The conditions at the Site present or may present an imminent and substantial endangerment to health or the environment.

Defendants' conduct was a substantial factor in causing the nuisance and condition of

1  pollution or nuisance at the Site.

2  The City is entitled to judgment on its CERCLA and HSAA claims against Defendants.

3  The City is entitled to judgment on its RCRA and Gatto Act claims against R&L and Estate
4  of Smith.

5  The City is entitled to judgment on its Porter-Cologne Act claim against Defendants.

6  The City is entitled to judgment on its declaratory relief claim against Defendants.

7  Plaintiffs are entitled to judgment on their public nuisance claim against Defendants.

8  The City is entitled to recover from Defendants its past response costs in the sum of
9  $125,627.90.

10  The City is entitled to recover from Defendants any reasonable future response costs for the
11  Site it incurs with the oversight and approval of the Department of Toxic Substances Control
12  ("DTSC") consistent with the National Contingency Plan.

13  The City is entitled to recover from Defendants its reasonable attorneys' fees, expert
14  witness fees, and other litigation costs in the sum of $1,409,500.

15  THEREFORE, Judgment is entered: (1) in favor of the City on its CERCLA, Porter-Cologne
16  Act, public nuisance, and HSAA claims, and a declaration that the City is entitled to recover from
17  Defendants any reasonable future response costs for the Site it incurs with the oversight and
18  approval of DTSC consistent with the National Contingency Plan; (2) in favor of the City on its
19  RCRA and Gatto Act claims against R&L and Estate of Smith; and (3) in favor of the City and the
20  People of the State of California of the City of West Sacramento on the public nuisance claim
21  against R&L, Clark, and Estate of Smith.  The State of California is not a party to this action or to
22  this Stipulated Judgment.

23  Defendants are ordered to reimburse the City for its past response costs in the sum of
24  $125,627.90, and to reimburse the City for its reasonable attorneys' fees, expert witness fees, and
25  other costs of suit incurred in litigating this action in the sum of $1,409,500. The remaining
26  amount of the judgment against Defendants reflecting the estimated cost to remediate and obtain
27  regulatory closure of the Site shall not be stated in a sum certain, in part because the cost of the
28  remediation and regulatory closure of the Site is not known.

Defendants shall conduct a Site investigation to the satisfaction of DTSC.

Defendants shall perform those tasks listed within DTSC's I&S/E Order, Docket No. HSA-FY 19/20-129, dated May 6, 2020, as it may be amended by DTSC, to the extent DTSC determines that those tasks are needed, with the oversight and approval of DTSC.

Nothing contained in this Stipulated Judgment is intended to be given preclusive effect in a subsequent claim or action filed by any third party, including but not limited to DTSC or any similar governmental entity.

NOW, THEREFORE, IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated: _____
William B. Shubb
Senior United States District Judge

IT IS SO STIPULATED.

Dated: March 4, 2021                    PALADIN LAW GROUP® LLP

                                        By:  */s/  Bret A. Stone*
                                             Bret A. Stone
                                             Special Assistant City Attorney
                                             for the City of West Sacramento

                                             Counsel for Plaintiffs
                                             City of West Sacramento and
                                             People of the State of California

Dated: March 4, 2021                    LEWIS BRISBOIS BISGAARD & SMITH LLP

                                        By:  */s/  Joseph Salazar*
                                             Joseph Salazar
                                             Counsel for R and L Business Management, John Clark, and the Estate of Nick Smith, Deceased

| | |
|---|---|
| Dated: March 4, 2021 | CLYDE AND CO US LLP |
| | By: */s/ Alexander E. Potente* |
| | Alexander E. Potente |
| | Counsel for Arrowood Indemnity Company, formerly known as Royal Insurance Company of America, and successor to Royal Globe Insurance Company |